Rogers v. Rogers.

## Noah T. Rogers v. Sarah E. Rogers.

51  683
79  616
51  683
180s 508

1. PAUPERS—*Support of by Relatives.*—Under Chapter 107, R. S., entitled "Paupers," the mode of enforcement through the medium of the state's attorney and the overseer of the poor by summary proceedings in the county court, is the remedy where the pauper becomes a public charge through the failure of relatives to render the necessary support. When such support is rendered by one of two, or more, who are jointly bound, the remedy is properly sought in chancery

2. JURISDICTION—*In Chancery—To Adjust the Whole Controversy.*— A court of chancery having the parties before it may properly proceed to adjust the whole controversy. *So held,* where a wife, divorced from her husband, filed a bill to compel him to contribute to the support of a crippled daughter, as to past liability, as well as for future support.

**Memorandum.**—In chancery. Bill to compel to the support of dependent relatives under the pauper act. Appeal from the Circuit Court of Jersey County; the Hon. GEORGE W. HERDMAN, Judge. presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed November 27, 1893.

### STATEMENT OF THE CASE.

This was a bill in chancery by appellee against appellant. The cause was heard upon bill, answer, replication and proof, oral and record, and a decree was entered, finding "that on or about the 15th of March, A. D. 1849, the complainant and defendant were lawfully married, and, as a fruit of said marriage, there was born to them a daughter, named Laura Rogers, and several other children, and that, afterwards, to-wit, on the 1st day of October, A. D. 1892, in a certain suit in chancery in said Circuit Court, wherein said defendant, Noah T. Rogers, was complainant, and this complainant, Sarah E. Rogers. was defendant, a decree

of divorce was granted and entered, dissolving the bonds of matrimony existing between the complainant and defendant herein, and that, in said decree so granted and entered, no provision was made for the custody, support and maintenance of said daughter Laura, and that said daughter Laura, continually, from birth, has had no use of her legs and feet, and she has been entirely helpless, requiring the care and attention of the complainant; that said daughter Laura is unable to earn anything for her own support, and is entirely destitute of any means of support whatever, and that she is now about forty-three (43) years old, and that, for a part of the time, it requires two persons to move and lift her as her necessities require; that for the past five years the complainant has cared for said daughter Laura, and furnished her with food, clothing, medical attendance, and all of the necessaries of life, and the additional help to care for her wants and necessities; and that the defendant, Noah T. Rogers, has not, during said five years last past, contributed anything whatever toward the support, maintenance, attendance upon, clothing, medical attendance or otherwise, of said daughter Laura, though requested so to do prior to the commencement of this suit; that the defendant is not situated so that he can properly care for said daughter Laura, and she desires to remain with and have the care of the complainant, her mother, and that said daughter Laura requires the attendance of persons of her own sex.    That the defendant is the owner of a valuable farm of one hundred and thirty (130) acres, described as follows, to wit:  The south half ($\frac{1}{2}$) of the southwest quarter ($\frac{1}{4}$) and fifty acres off of the north end of the west half ($\frac{1}{2}$) of the northwest quarter ($\frac{1}{4}$), both of said tracts lying and being in section No. eleven (11), in township No. seven (7) north, range No. twelve (12), west of the third principal meridian, in the county of Jersey and State of Illinois, all of the value of $6,000, and that said defendant, Noah T. Rogers, is able to contribute toward the support of his said daughter Laura.  That it is, and has been for the past five years, reasonably worth $260 per year to furnish food,

clothing, care and medical attendance of said daughter Laura.

It is therefore ordered, adjudged and decreed by the court, that the complainant retain the said daughter Laura and furnish her the necessary food, clothing, care and medical attendance, and that the defendant, Noah T. Rogers, pay to the complainant, Sarah E. Rogers, as contribution toward said necessary food, clothing, care and medical attendance of said daughter Laura, the sum of one hundred and thirty dollars ($130) per year, payable in quarterly payments of thirty-two dollars and fifty cents ($32.50) each, and the first of said quarterly payments to be made to the complainant by the defendant, each and every three (3) months thereafter, on the first day of October, January, April and July, until the further order of this court.

It is further ordered, adjudged and decreed by the court, that the defendant, Noah T. Rogers, pay to the complainant, Sarah E. Rogers, the sum of six hundred and fifty dollars ($650) within four months of the date of this decree, as a reasonable contribution toward the necessary food, clothing, care and medical attendance of said daughter Laura for the past five years, and that in case the said defendant, Noah T. Rogers, fail or refuse to make either or any of the payments aforesaid as herein provided, that he stands in contempt of this court.

It is further ordered, adjudged and decreed by the court, that this decree and the payments of the sums of money as hereinbefore set forth, be a lien upon the real estate of the defendant hereinbefore described, from the date of filing this decree, and that the injunction heretofore issued in this cause be dissolved; and that the defendant pay the costs of this proceeding, to be taxed by the clerk of this court, and that complainant have execution therefor.

And the defendant excepts to this decree and files suggestion of damages on dissolution of injunction, and damages as attorney's fees, assessed at fifty dollars, and complainant excepts, and the defendant files motion to have said decree made a lien on the real estate of the complainant, and which

said motion is denied by the court, and the defendant excepts, and prays an appeal to the Appellate Court, which is granted upon defendant's entering into bond within thirty (30) days in the sum of $200 with security to be approved by the clerk of this court, and certificate of evidence to be signed in thirty days by consent."

A. M. Slaten and Ed. J. Vaughn, attorneys for appellant.

O. B. Hamilton, attorney for appellee.

Mr. Justice Wall delivered the opinion of the Court.
The 1st section of chapter 107, R. S., provides :

" That every poor person who shall be unable to earn a livelihood in consequence of any bodily infirmity, idiocy, lunacy or other unavoidable cause, shall be supported by the father, grandfather, mother, grandmother, children, grandchildren, brothers or sisters of such poor person, if they, or either of them, be of sufficient ability; provided that when any persons become paupers from intemperance, or other bad conduct, they shall not be entitled to support from any relation, except parent or child."

The second section provided that :

" The children shall be first called upon to support their parents, if there be children of sufficient ability, and if there be none of sufficient ability, the parents of such poor person shall be next called on, if they be of sufficient ability, and if there be no parents or children of sufficient ability, the brothers and sisters of such poor person shall be next called on, if they be of sufficient ability," etc., etc.

So far as the decree enforces contribution for the five years preceding, we think there can be no complaint. The statute fixes the liability of the parents. It might perhaps be argued that the father is first liable and then the mother —but the bill concedes and the decree imposes a joint liability—to which appellant should not object. Then the question is as to the provision for future support. The court

Rogers v. Rogers.

having the parties before it, very properly proceeded to adjust the whole controversy. It was apparent that the care of the unfortunate child would be a continuing burden; that as the parents were separated the custody could not be joint, and that in view of the circumstances the mother would be the proper and, indeed, the necessary custodian.

The decree is, like that for alimony and for custody of children in divorce cases, subject to such modification from time to time, as may be necessary, to meet any changes in the situation.

The fact that no precedent for such a decree can be found, is no argument against it, if it is in accordance with the general principles of equity jurisdiction and responsive to the merits. We think it so accords with principle and with justice.

It is urged that the statute points out a mode of enforcement through the medium of the state's attorney and the overseer of the poor, by summary proceedings in the County Court.

This is the remedy where the pauper becomes a public charge through the failure of relatives to render the necessary support. When such support is rendered by one of two or more who are jointly bound therefor, a different remedy would be necessary, and we think it was properly sought in this case. The decree will be affirmed.