CLARA ELDRED, APPELLANT, V. HARVEY D. ELDRED, APPELLEE.

FILED OCTOBER 1, 1901. NO. 10,178.

1. **Foreign Decree of Divorce Bar to Alimony.** A decree of divorce obtained by a wife upon service by publication, without appearance of defendant, in a foreign state, is a bar to an action for alimony in this state, to be awarded out of his property here.

2. **Decree of Divorce Does Not Absolve Father from Support of Children.** The fact that the marriage relation is dissolved does not relieve the father of the duty to support his minor children, and will not defeat an action therefor.

APPEAL from the district court for Saline county. Heard below before HASTINGS, J.  *Reversed.*

*Fayette I. Foss, A. N. Dodson* and *Norman Jackson,* for appellant.

*B. V. Kohout, contra.*

NORVAL, C. J.

Plaintiff and defendant were married in Iowa in 1880, where they resided for about three years, and then moved to Saline county, Nebraska, where they made their home for several years.  Finally they moved to Mercer county, Illinois, where they purchased residence property which for a time they made their home.  Finally the defendant returned to this state, leaving his wife and children behind, and in June, 1896, the plaintiff applied to the circuit court of Mercer county, Illinois, for a divorce from the defendant and for alimony.  Service of process was had upon the defendant by publication, but he did not appear in the cause.  Plaintiff was granted a decree of divorce, given the custody of their minor children and the residence was awarded her as alimony.  Subsequently plaintiff instituted this suit in the court below for alimony and the education and support of their two minor children.  A decree was entered dismissing the cause but without prejudice to a future suit for the support of the minor children.  Plaintiff appeals.

The validity of the Illinois decree is not questioned.  The court had jurisdiction of the cause, and the decree granting Mrs. Eldred a divorce, being valid there, is likewise valid here.  If there had been personal service upon the defendant in the cause, the decree awarding alimony would be conclusive upon the parties, and a new suit for alimony by Mrs. Eldred could not be maintained.  But the Illinois decree having been rendered upon constructive service and without any appearance on behalf of the defendant, the portion of the decree relating to alimony perhaps is of no

validity save as to the property within the jurisdiction of the court pronouncing it. This suit, then, is not for an allowance out of the property of the defendant for her maintenance, as incidental to some other proceeding or relief. No divorce is sought herein. If the decided weight of authority in this country should be followed, alimony could not be recovered in an independent suit. But this court is committed to the doctrine that courts of equity have jurisdiction to allow alimony to a wife as an independent right where no divorce or legal separation is sought. *Earle v. Earle,* 27 Nebr., 277. This decision would be decisive of the present case had plaintiff not been legally divorced from the defendant, since in the case cited the plaintiff was at the time the legal wife of the defendant, no divorce having been previously granted, nor was one sought in the proceeding for alimony. The marriage relation that existed between the present plaintiff and defendant has been dissolved by a court of plaintiff's own selection. They are no longer husband and wife. The duty and obligation that once existed to support and maintain the plaintiff does not now rest upon the defendant. He is no longer her husband, and no legal obligation is imposed upon him to provide for her maintenance; hence there exists no right to alimony. 2 Am. & Eng. Ency. Law [2d ed.], 98; *Weidman v. Weidman,* 48 N. E. Rep. [Ohio], 506; *Roe v. Roe,* 35 Pac. Rep. [Kan.], 808; *Peltier v. Peltier,* Harr. [Mich.], 19; *Blythe v. Blythe,* 25 Ia., 266; *Shotwell v. Shotwell,* 1 Smed. &. M. Ch. [Miss.], 51; *Fischli v. Fischli,* 1 Blackf. [Ind.], 360.

*Cochran v. Cochran,* 42 Nebr., 612, differs in some respects from the case at bar. There the divorce had been obtained by the husband in *ex parte* proceedings, without the knowledge of the wife and in fraud of her right of maintenance and support; while Clara Eldred herself applied for and obtained the divorce and a decree awarding her all the husband's property situate in Illinois. She made her own choice of forum and is barred by the adjudication as to her own maintenance and support. But

not so as to the support of the children. The defendant's duty to support them was not terminated by the decree of divorce. *Rogers v. Rogers,* 51 Ill. App., 683. The dismissal of the cause so far as it relates to the maintenance of the children, is reversed and the case is remanded for further proceedings.

REVERSED AND REMANDED.

SULLIVAN, J., absent, not voting.