## LEIBOLD v. LEIBOLD.

[No. 19,673.   Filed January 31, 1902.]

EQUITY.—*Marion Superior Court.—Jurisdiction.*—The Marion Superior Court under §§1366, 1404 Burns 1901 has jurisdiction of all suits in equity, except where there is a statute providing otherwise. *p. 61.*

SAME.—*Parent and Child.—Suit for Support of Child.*—A court of chancery has, independently of the statute, jurisdiction of a suit by a wife to compel her husband to support their infant children. *pp. 60, 61.*

PARENT AND CHILD.—*Support and Maintenance.—Custody.*—Where the father has so conducted himself that it is necessary and proper to deprive him of the custody of his minor child, he is not thereby released from his duty to support such child. *p. 61.*

From Marion Superior Court; *J. W. Holtzman*, Special Judge.

Suit by Louise Leibold against Frank J. Leibold for the support and custody of their minor children. From judgment in favor of plaintiff, defendant appeals. *Affirmed.*

*R. M. Coleman, S. D. Clark* and *S. Mann*, for appellant.
*P. Rappaport* and *L. M. Rappaport*, for appellee.

MONKS, J.—This is a proceeding by appellee to obtain the custody of Frank J. Leibold, Jr., and Erwin E. Leibold, her minor children, from appellant, their father. Appellant and appellee are husband and wife, but have not lived together since 1897. The proceeding resulted in a judgment awarding the custody of said children to appellee until the further order of the court, and that appellant pay to the clerk of the court, for the maintenance and support of said minor children, the sum of $5 each week until the further order of the court.

Appellant insists that the right of the wife to compel the father to maintain and support their children is statutory, and can only be enforced under the acts of 1881, Acts 1881, p. 527, being §§6977-6983 Burns 1901, §§5132-5138 R. S. 1881 and Horner 1901, or in a divorce case under §1058 Burns 1901, §1046 R. S. 1881 and Horner 1901, and that

the second paragraph of "complaint" is not sufficient because it does not allege the facts required by said act of 1881.

This proceeding, however, was not brought under the act of 1881, nor does the sufficiency of said second paragraph depend upon that act. The power of a court of chancery to control not only the estate but the person and custody of infants is well settled. 2 Story's Eq. (13th ed.) §§1341, 1341a, 1345, 1346; 3 Pomeroy's Eq. Jur. (2nd ed.) §1307; *Cowles* v. *Cowles,* 8 Ill. 435, 44 Am. Dec. 708.

The Marion Superior Court has full jurisdiction of all suits in equity (§§1366, 1404 Burns 1901, §§1314, 1351 Horner 1901; *Noerr* v. *Schmidt,* 151 Ind. 579, 582) and therefore has said power except where there is a statute providing otherwise.

It is the duty of the father to support his minor children. *Kinsey* v. *State, ex rel.,* 98 Ind. 351, 357; Schouler's Dom. Rel. §237; Bishop on Marriage & Divorce, §§1154, 1222, 1224. The obligation to support and educate a child, and the right to the custody and services of such child, are reciprocal obligations and rights, unless otherwise fixed by a judicial decree. *Ramsey* v. *Ramsey,* 121 Ind. 215, 221; Bishop Mar. & Div. (1891 ed.), §§1154, 1220, 1224.

When, however, the father has so conducted himself that it is necessary and proper to deprive him of the custody of his minor child, he is not thereby released from his duty to support such child. Bishop Mar. & Div. (1891 ed.), §§1223, 1224. As was said in the authority last cited, "It is not the policy of the law to deprive children of their rights on account of the dissensions of their parents, to which they are not parties; or to enable the father to convert his own misconduct into a shield against parental liability."

Some of the authorities hold that when the father, on account of his neglect or misconduct, is deprived of the custody of his child, he can only be compelled to furnish such

child with a bare maintenance. 2 Story's Eq. (13th ed.),
§§1345, 1346.

As it is not shown that the allowance of $5 a week is more
than a bare maintenance for said children, it is not neces-
sary to determine whether or not the court had the author-
ity to compel appellant to pay what would be deemed a
liberal allowance for the maintenance and education of said
children.

What we have said disposes of the other questions argued
in appellant's brief.

Judgment affirmed.