[No. 4967.]

GRAHAM V. GRAHAM.

1. **Divorce and Alimony—Res Judicata—Decree—Custody and Support of Children—Effect on Subsequent Action for Additional Support.**

The obligation of a father to provide for the necessary support of his minor children until they are able to care for themselves, is in no wise impaired by reason of his having been deprived of their care and custody by a decree in a prior divorce proceeding; nor is a judgment for alimony in such prior proceeding for the support of such children, in a sum not exceeding $2,000, res adjudicata as to the extent of his liability for their support, so as to bar an action by the mother for further allowances for them after the $2,000 have been paid, since the children were not parties to the divorce proceeding, and hence their rights could not be precluded thereby.—P. 456.

2. **Divorce and Alimony—Maintenance of Children—Allowances, How Determined.**

In an action by a divorced wife against her former husband for allowances for the support of their minor children, the court, in determining the amount to be allowed for each child, should

take into consideration the amount of such child's earnings, if any, and deduct the same from the amount required for proper maintenance.—P. 458.

*Error to the County Court of the City and County of Denver.*

*Hon. Ben B. Lindsey, Judge.*

Action by Ione Parker Graham against her divorced husband, James A. Graham, for an additional allowance for their minor children. From a judgment for plaintiff, defendant brings error.

*Reversed and remanded.*

Mr. F. A. WILLIAMS, for plaintiff in error.

Mr. D. B. KINKAID, for defendant in error.

Mr. JUSTICE GODDARD delivered the opinion of the court:

In an action for divorce brought by the defendant in error against the plaintiff in error in the county court of Arapahoe county, a decree was rendered on the 31st day of August, 1897, which, in addition to annulling the marriage theretofore existing between these parties, *inter alia,* provided:

"That the sole care, custody and control and education of the said Edward A. Graham, Philip P. Graham and Elizabeth B. Graham, issue of said marriage, be and the same is hereby awarded to the plaintiff. It is further ordered, adjudged and decreed by the court that the said defendant pay to the plaintiff as alimony for the support of herself and that of said minor children, the sum of fifty dollars per month, monthly during each and every calendar month hereafter, in all not exceeding the sum of two thousand dollars."

In compliance with this decree, the plaintiff in error paid to the defendant in error fifty dollars per month, including the month of December, 1900, in the

aggregate the sum of two thousand dollars. On June 12, 1903, the present action was brought to recover for money expended for the support, maintenance and education of the said Philip P. Graham and Elizabeth B. Graham from the first day of January, 1901, until the commencement of the action, and for the support and maintenance of Edward A. Graham until he became of age, and for an allowance for the further care, support and education of Philip and Elizabeth until they became of age.

The plaintiff in error pleaded the judgment recovered in the divorce proceeding as a bar to a recovery in this action, and averred that defendant in error, by securing the custody and services of the children, assumed the cost of their care and maintenance, and that their services exceed in value such cost. The replication traversed the latter allegations. The case was tried to the court. Upon the trial, the court eliminated the claim for the support of Edward, and allowed twenty-five dollars per month for the support of Philip and Elizabeth from the commencement of the suit until the time of trial, aggregating three hundred dollars, and adjudged that the father should pay twenty dollars per month to the mother on account of each of the other children until they became of age, to wit, forty dollars a month for the maintenance, education and support of Philip and Elizabeth until the — day of December, 1904, when Elizabeth will arrive at her majority; and thereafter twenty dollars per month for the support, maintenance and education of Philip, until the 19th day of January, 1906, when he will become of age.

The evidence discloses that Elizabeth was, at the time of the trial, and for several years previous had been, in delicate health and unable to perform physical labor, and able to attend school but a part of the time; and that Philip, who was sixteen years

of age in 1901, was in good health; and the latter testified that he had been physically able since he was sixteen to support himself. It also appears that he had been employed in various ways portions of the time, receiving considerable compensation, and at the time of the trial was working for the telephone company at forty-five dollars per month.

It is unnecessary to consider many of the questions which have been ably discussed by counsel. It is sufficient to say that we think the court below correctly ruled that the plaintiff in error was not relieved of his obligation to furnish necessary support for his minor children by reason of being deprived of their care and custody by the decree in the divorce proceeding, and also correctly held that the judgment for alimony in that case was not *res adjudicata* as to the extent of his liability for their support.

There is a diversity of opinion among courts of equal eminence upon the first proposition, some holding that the right to the services of the children and the obligation to maintain is reciprocal, and that a decree denying the father their custody and the right to their services relieves him of his common-law obligation to support them. The doctrine of these cases is expressed by Mr. Bishop at section 557, volume 2 (5th ed.) of his treatise on Marriage and Divorce, as follows:

"The true legal principle applicable to cases of this kind seems to be, that the right to the services of the children and the obligation to maintain them go together; and, if the assignment of the custody to the wife extends to depriving the father of his claim to their services, then he cannot be compelled to maintain them otherwise than in pursuance of some statutory regulation. So, where the court, granting the divorce and assigning the custody to the wife, makes, under authority of the statute, provision for their

support out of the husband's estate, he would seem, within principles already mentioned, to be relieved from all further obligation.''

Others announce, what we believe to be the better doctrine, that the obligation of a father to provide reasonably for the support of his minor children until the latter are in a condition to provide for themselves, is not impaired by a decree which, on account of his own misconduct, deprives him of their care and custody. In other words, the father cannot plead his own wrong as an excuse for relieving himself from his obligation. He is still liable for necessary and proper expenditures for the support of his minor children to the extent that they are unable to support themselves. After the children are able to earn their own support, in whole or in part, he is not bound to support them in idleness, but to pay for such portion as the child could not earn by reasonable effort.—*Pretzinger v. Pretzinger,* 45 Ohio St. 452, and cases therein cited.

Nor do we think that the judgment in the divorce case determined the extent of such liability. The children were not parties to that action, and their rights were not concluded thereby. ''It is not the policy of the law to deprive children of their rights on account of the dissentions of their parents, to which they are not parties; or to enable the father to convert his own misconduct into a shield against parental liability.''—*Pretzinger v. Pretzinger, supra;* 2 Bishop on Marriage, Divorce and Separation, § 1223.

Furthermore, it was within the authority of the county court to modify that decree as the changed circumstances of the parties might require.—*Stevens v. Stevens,* 31 Colo. 188.

Upon the record before us the liability of the plaintiff in error is to be determined by the condi-

tions existing at the time of the commencement, and during the pendency of this action, which is properly brought to obtain such relief; which, in the circumstances of this case, consisted of an allowance for Elizabeth from the commencement of the action until her majority, and such an allowance for the support of Philip during the pendency of the suit as will cover the excess, if any, expended for his maintenance over and above his actual earnings. It is obvious that the court below did not take into consideration the amount of his earnings in fixing the amount for his support during that time, and it was error to allow the twenty dollars per month until his majority, regardless of what he might, or was reasonably able to earn during that time.

For these reasons, the judgment will be reversed and the cause remanded, with directions that the court below, in conformity with the foregoing views, enter judgment in favor of plaintiff for the support of Elizabeth at the rate of twenty dollars per month from the date of the rendition of the judgment until her majority; and re-try the issue as to the amount due plaintiff for her support during the pendency of the suit, and the excess, if any, expended for the support of Philip over and above his actual earnings during that time.     *Reversed and remanded.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.