ADELLA M. KIRKPATRICK ET AL., APPELLEES, V. GEORGE W.
KIRKPATRICK, APPELLANT.

FILED FEBRUARY 20, 1909. No. 15,457.

1. **Appeal:** HARMLESS ERROR. Erroneous rulings of the court, which
   work no prejudice to the complaining party, do not call for a
   reversal of the judgment.

2. ———: AFFIRMANCE. Where the transcript of the record contains
   only the pleadings and record of the entry of judgment, which
   latter conforms to the pleadings, and in which no error appears,
   the judgment will be affirmed.

APPEAL from the district court for Custer county:
BRUNO O. HOSTETLER, JUDGE. Affirmed.

*Aaron Wall* and *Hainer & Smith*, for appellant.

*Sullivan & Squires* and *A. P. Johnson*, contra.

DUFFIE, C.

In February, 1904, plaintiff was granted a divorce from
the defendant by the district court for Custer county,
Nebraska. The court awarded the plaintiff custody of
their three minor children, said children now being, re-
spectively, 15, 10 and 5 years of age, but the decree made
no provisions concerning their maintenance and support,
and the plaintiff has had their custody and made pro-
vision for their support from the entry of the decree to
the present time. In February, 1907, the plaintiff, for
herself and as next friend of her children, commenced
this action, reciting the facts above set out, and asking
a decree requiring the defendant to pay her such amount
as the court might find reasonable and proper for the
support of her children until their majority. The trial
resulted in a decree requiring the defendant to pay to the
clerk of the court for the use of the plaintiff in the sup-
port and education of these minors $180 a year, of which

sum $90 should be paid semiannually upon the 25th day of October and April of each year until the children attained their majority, and that $30 of said semiannual payments "shall be devoted to the support, maintenance, use and benefit of each of said minor children." From this decree the defendant has appealed.

Plaintiff, in her petition, alleged that no alimony was asked for or decreed to the plaintiff in the divorce proceeding; that the parties had settled and agreed upon a division of property outside of the court, but made no provision concerning the maintenance of their minor children. She further alleged that defendant has land in Custer county of the value of $3,000, and personal property of the value of $2,000; that she herself is the owner of a home in Broken Bow of the value of $1,000, but which is incumbered to the extent of $600, and that she owns a half section of land in Custer county worth $7,000, but has no cash or money, and in order to support herself and children is compelled to take boarders, and is unable to properly provide for their maintenance and education. The defendant alleged that, when a division of the property was made between them, the maintenance and support of their children was considered, and the settlement and transfer of the property conveyed to the plaintiff was based in part upon the agreement and understanding that she should maintain and support the children without cost to him. In her petition plaintiff asked judgment against the defendant for the amount expended by her in supporting the children from the date of the divorce up to the time of bringing this action, as well as for contribution from him for their future support, and a motion to require her to separately state and number her several causes of action was overruled by the court, as was a demurrer to the petition for the reason that there was a misjoinder of parties plaintiff. A general demurrer to the petition based on the insufficiency of the facts stated to constitute a cause of action was also overruled, and an exception taken to each of such rulings.

As the court did not allow any recovery for the support of the children by the plaintiff prior to the commencement of the action, the defendant was not prejudiced by the action of the court in overruling his motion to require the plaintiff to separately state and number her causes of action, and, as a demurrer does not lie for the misjoinder of parties plaintiff, there was no error committed in overruling the demurrer based upon that ground. The general demurrer was properly overruled upon the authority of *Eldred v. Eldred,* 62 Neb. 613, in which it was held that a dissolution of the marriage relation does not relieve the father of the duty to support his minor children and will not defeat an action therefor.

Our statute relating to divorce (Ann. St. 1907, sec. 5338) gives the court where the action is pending authority to make such order concerning the care, custody and maintenance of the minor children of the parties as it shall deem just and proper, and the succeeding section authorizes the court from time to time afterwards, on the petition of either of the parents, to revise and alter such decree. It would probably be more regular to apply for a change or modification of the decree by filing the petition in the same action in which the divorce was granted, and not, as in the present case, to commence an independent proceeding; but this is a matter of procedure only, and, as the rights of the parties could not be injuriously affected, the decree entered in this case should not be reversed for such irregularity.

The defendant has not preserved the evidence given upon the trial, and has presented for our review nothing but a transcript of the pleadings and the decree entered. In such case it has been the uniform rule of this court to affirm the judgment of the district court if the pleadings supported the judgment entered. While it is true that the defendant alleges that the property transferred by him to his wife at the time of the divorce proceeding was based partly upon the consideration that she should maintain and support the children, the plaintiff denies

that this was the case, and the court has determined that issue against the defendant. As the evidence taken on the trial is not before us, we must presume that such finding found support in the evidence offered by the parties. It being the rule of this court that a dissolution of the marriage does not relieve the father from the duty of supporting his children, unless the decree entered in the divorce proceeding relieves him of that duty, and the decree in the present case being silent upon that question, we have no other course to pursue, except to affirm the judgment of the district court.

We recommend that the judgment appealed from be affirmed, but with leave to the defendant to apply at any time hereafter for a modification of such judgment.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, but with leave to the defendant to apply at any time hereafter for a modification of such judgment.

AFFIRMED.

DEAN, J., having been of counsel in the cause, not sitting.