[No. 7625]

PREWITT v. PREWITT.

1. ALIMONY—*Jurisdiction of the County Court*—In view of the provisions of section 23 of article VI of the constitution, and sections 1527, 2113 Rev. Stat., the county court is without jurisdiction to award alimony in excess of $2,000. The decree directing the payment of alimony in monthly installments, when these installments have been discharged to the amount of $2,000, the court should enter satisfaction of the decree.

2. PRECEDENTS—*Dissenting Opinion*—Remarks in a dissenting opinion concurred in by the majority of the court accepted as a precedent.

*Error to Arapahoe County Court.*—Hon. GEORGE W. DUNN, Judge.

Messrs. MELVILLE, SACKETT & CALVERT, for plaintiff in error.

Mr. CHARLES W. WATERMAN, Mr. JAMES A. HARRIS, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

1. Anna Prewitt alleged in her complaint for divorce, which she filed in the county court of Arapahoe county, July 16, 1909, that the amount for which alimony was sought did not exceed $2,000. July 17, 1909, she was granted a divorce decree and judgment for alimony which among other things provided:

"IV. That on this day the said plaintiff shall be paid by the defendant the sum of $83.35, and the said defendant shall pay a like amount of money to said plaintiff on the 17th day of each and every succeeding month as permanent alimony."

August 14, 1911, she filed in the same court a petition asking that defendant he adjudged and ordered to pay her the sum of $100.00 per month thereafter, which defendant moved to strike on the ground that the final judgment for alimony and costs entered on the 17th of July, 1909, had been satisfied, and he asked the court to enter of record satisfaction of judgment. This was supported by an affidavit showing all the costs had been paid and that defendant had theretofore paid plaintiff $2,000 alimony in the aggregate, in monthly installments, which he claimed was the extent of the jurisdiction of the county court in allowing judgment for alimony. The payments were not disputed, and on hearing, the court struck the petition from the files and ordered entered satisfaction of the alimony judgment. To review this ruling, plaintiff brings the case here on error.

2. This order was held in *Prewitt v. Prewitt*, 52 Colo., 122, Pac. 766, 522, to be a final judgment. The question is, can a county court in this state, when it enters a decree of divorce, render judgment for alimony, where the maintenance of children is not involved, for a sum payable monthly in installments exceeding in the aggregate $2,000?

Article 6, section 23 of our constitution provides:

"County courts shall be courts of record and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians, conservators and administrators, and settlement of their accounts, and such other civil and criminal jurisdiction as may be conferred by law: *provided,* such courts shall not have jurisdiction in any case where the debt, damage, or claim or value of property involved shall exceed two thousand dollars, except in cases relating to the estates of deceased persons."

Section 1527, R. S., 1908, provides:

"In order to give the said courts jurisdiction in any action, suit or proceeding, the complaint shall state that the value of the property in controversy or the amount involved for which relief is sought in said action, suit or proceeding, does not exceed the sum of two thousand dollars. And in all actions for divorce the petition shall aver that the plaintiff does not ask or seek alimony in excess of the said sum of two thousand dollars."

Section 2113:

"The district court, and in all actions where the bill of complaint shall aver that the plaintiff does not ask or seek alimony in excess of the sum of two thousand dollars, the county court shall have jurisdiction in cases of divorce and alimony."

The decree in the case under consideration contained a final judgment for permanent alimony, and although there is no limit fixed in it as to the time such alimony shall be paid, under the constitution and statutes of our state, there must necessarily be read into the judgment a provision that these payments shall continue only until such time as the full amount of the jurisdiction of the court, namely, two thousand dollars, shall have been paid.

Plaintiff in error contends that the jurisdictional limit of $2,000 in a case where alimony is made payable in monthly installments, applies only to each payment, and not to the sum total to be paid; in other words, that the county court, while it could not enter judgment allowing permanent alimony in a lump sum in excess of $2,000, could allow such alimony in monthly installments in any amount so long as each installment did not exceed $2,000, regardless of the final aggregate amount. This argument is so illogical that it appears to refute itself. In the case of *Stevens v. Stevens,* 31 Colo. 190, 72 Pac. 1061, Mr. Justice Steele said, in speaking of a decree of divorce in which plaintiff in error was ordered to pay to defendant in error the sum of $50.00 monthly as permanent alimony, where no time was fixed by the decree when the payments should cease, and it appeared that the plaintiff in error had paid the sum of $3,600.00 under the decree: "In the complaint for divorce the plaintiff states, that 'the amount sued for in this action and the amount sought as alimony does not exceed the sum of two thousand dollars.' The statute grants to the county court jurisdiction in divorce cases, 'when the plaintiff shall aver in the complaint that he does not ask or seek alimony in excess of the sum of two thousand dollars.' The county court was not authorized to award the plaintiff alimony in excess of the sum of two thousand dollars; and when the defendant paid the sum of two thousand dollars, he satisfied the judgment rendered against him. I am of opinion that the court below should have directed the clerk to satisfy the judgment."

CHIEF JUSTICE CAMPBELL concurred in this part of the opinion. At that time, three justices comprised our court, and although these remarks occur in a dissenting opinion, still, as to this subject of jurisdiction of county courts, a majority of our court concurred in the conclu-

sions there reached. We are in full accord with the views expressed in that opinion, and the judgment in this case will be affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.

Decided April 1, 1912. Rehearing denied March 2d, 1914, *en banc.* GABBERT, J., and WHITE, J., dissenting.