No. 19,458.

RICHARD A. MCQUADE *v.* MARIE MCQUADE.

(354 P. [2d] 597)

Decided August 22, 1960.

Mr. NATHAN LEE BAUM, for plantiff in error.

Mr. THOMAS C. SINGER, for defendant in error.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

Richard A. McQuade and Marie McQuade are husband and wife. Discord developed between them resulting in court action. Her suit for separate maintenance and his countersuit for a divorce were unsuccessful. The rupture of their relationship continued, however, and each resided under a separate roof. Their only child has lived and still lives with her mother, apparently with the sanction of the father since he has from time to time paid sums of money for the support of their child.

In time Mrs. McQuade filed a second suit against her husband. It was a suit in equity having as its sole aim orders for support for herself and their child, and asking for costs and attorney's fees. A trial resulted in a denial of support for the wife and an order that Mr. McQuade pay the sum of $75.00 per month for the support of the child, and that he pay $100.00 to Mrs. McQuade's attorney for services rendered in the case.

Dissatisfied with the disposition of the case, Mr. McQuade prosecuted a writ of error. Mrs. McQuade then sought an order from the trial court directing her husband to pay a reasonable attorney's fee and the costs required to defend against the writ of error in this court. The trial court denied the relief requested, whereupon Mrs. McQuade filed a motion in the review proceedings here, asking that we fix and order attorney's fees, together with sums to cover the cost of preparation and printing of briefs.

Objections to her motion were lodged by Mr. McQuade. To the motion and these objections we now attend. In resolving the issue we anchor our decision to dissertate, where ordinarily a minute order would suffice, to the rule that the initiation of any proceedings in a court in which the rights, status and welfare of an infant may be affected immediately establishes the infant's relation to the court as that of its ward. 43 C.J.S. 56, §7.

Although the formalism distinguishing law and equity

is now largely historical, the underlying substantive concepts of these great branches of jurisprudence have been retained in large measure in their immemorial efficacy in our present system. There is authority for the proposition that equity will entertain a suit by a wife to compel her husband to support their infant child. *Cohen v. Markel* (Del. Ch.), 111 A. (2d) 702; *Addy v. Addy,* 240 Iowa 255, 36 N.W. (2d) 352; *Leibold v. Leibold,* 158 Ind. 60, 62 N.E. 627; *Eldred v. Eldred,* 62 Neb. 613, 87 N.W. 340. See 13 A.L.R. (2d) 1142.

Language in *Graham v. Graham,* 38 Colo. 453, 88 Pac. 852, 8. L.R.A.N.S. 1270, 12 Ann. Cas. 137, and *Desch v. Desch,* 55 Colo. 79, 132 Pac. 60, indicates an acceptance of the rule. Certainly the dissensions of the parents shall not deprive their children of the right to support commensurate with the father's means and station in life. Idem. Courts should be and generally are resourceful in seeing that this right is not denied in cases where the parents are in serious contention and live separate and apart from each other. *Addy v. Addy,* supra.

The trial court fixed and allowed a monthly sum for the support of the child, and also allowed an attorney's fee. Its judgment is the subject of an assault by the husband in this court. To sustain the judgment becomes the duty of the mother; but it should not be her financial burden. Presumptively the judgment of the trial court is right and valid, and it reaches this court armored with such presumption. *Denver v. Willson,* 81 Colo. 134, 254 Pac. 153; *Zurich Ins. Co. v. Bonebrake,* 137 Colo. 37, 320 P. (2d) 975.

Before us is a judgment for support of the infant child of the parties. This judgment is presumptively right and valid. To maintain its rightness and validity against the challenge of Mr. McQuade ordinarily would necessitate the employment of counsel. The father's right to test the efficacy of such an order is not to be a wholly unequal contest; the court will see to it that the child is not in a

sense a helpless adversary, if adversary the child must be.

■ Courts of equity have ever been solicitous of the welfare of infants and may be resorted to to enforce the rights of infants seeking the support of their fathers. Where such relief is sought, it may be proper for the court to allow such sums as may be reasonably required to pay all the expenses of having the infant's rights properly protected. *Carter v. Carter,* 156 Md. 500, 144 Atl. 490; *Campbell v. Campbell,* 200 S.C. 67, 20 S.E. (2d) 237; *McClaugherty v. McClaugherty,* 180 Va. 51, 21 S.E. (2d) 761; *Simonds v. Simonds,* 154 F. (2d) 326, 13 A.L.R. (2d) 1138.

There are statutory remedies, and where utilized, parties are relegated to the relief afforded by them, including the matter of whether an attorney's fee may be allowed thereunder. Since this equitable remedy in behalf of the child is sui generis, cases generally holding that attorney's fees are not awardable are not applicable.

■ A reasonable fee is a factual question. So are necessary costs of briefs. Their determination is to be made in the trial court and not here. Hence, the motion is denied without prejudice, with the privilege to renew the motion for the relief sought before the trial court which has the authority to hear and determine the matter.

MR. JUSTICE MOORE not participating.