No. 19,744.

RICHARD J. SCHEER *v.* DISTRICT COURT, ET AL.

(363 P. [2d] 1059)

Decided July 17, 1961.

Mr. FRED J. PFERDESTELLER, Mr. FRED W. VONDY, for petitioner.

Mr. BERT M. KEATING, District Attorney, Miss DOROTHY E. BINDER, Deputy, for respondents.

*En Banc.*

Mr. Justice Doyle delivered the opinion of the Court.

This is an original proceeding in prohibition in which petitioner demands that the district court be enjoined from entertaining a case which arose under the Reciprocal Support Act (C.R.S. '53, 43-2-1 to 43-2-16). The essential theory upon which the relief is sought is that the district court of Adams County had previously assumed jurisdiction of a divorce action instituted by petitioner and that it thereby acquired exclusive jurisdiction over the questions of support and custody of the children.

The facts in the record show that Barbara J. Scheer and the petitioner had been married; there are two sons of the marriage; a third, a son of Mrs. Scheer from a former marriage, has been adopted by petitioner. On August 20, 1958, Mrs. Scheer filed a separate maintenance action in the District Court of Denver. A few days after this filing and the obtaining of a restraining order, Mrs. Scheer moved to the home of her mother in Clark County, Nevada, taking the three children with her. This separate maintenance suit was ultimately dismissed for failure to prosecute. Meanwhile, on February 13, 1959, petitioner commenced a divorce action in Adams County. The prayer of the divorce complaint makes no mention of either custody or support of the children. It seeks a mandatory order requiring Mrs. Scheer to return the children to Colorado. Subsequent service on Mrs. Scheer was made in Clark County, Nevada, and on August 28, 1959, a decree was entered granting petitioner herein a divorce and dividing the Colorado property. This further provision appears in the decree:

"IT IS FURTHER ORDERED that the issue involving support and custody of the minor children of the parties hereto will be held in abeyance until they are returned to the State of Colorado by the defendant."

The instant support action was commenced in May of 1959 in Nevada and was docketed in the Denver District Court in June of 1959, under the Reciprocal Support

Act. It alleges that the dependent children need some $150.00 per month for their support.

Petitioner was served with the documents in this latter case and he filed a motion to dismiss. This motion was denied and was later reconsidered but was again denied. The case was then set for trial, but a continuance was granted to permit petitioner to institute the present proceedings. Petitioner claims that he is entitled to the extraordinary relief of prohibition by reason of the fact that child support was within the exclusive jurisdiction of the district court of Adams County. He argues that once the divorce action was instituted the court acquired jurisdiction to the exclusion of other courts of the support and custody issues; that litigation of the support issue as it is now raised would interfere with the exercise of jurisdiction by the district court of Adams County.

Respondents argue that the district court of Adams County acquired no jurisdiction over the children in this case and that it is not now empowered and was not empowered at the time of the divorce to decree custody. It is further stated that, assuming that the Adams County district court had jurisdiction, nevertheless there is no conflict because support of minor children can be litigated in courts other than the court in which the divorce is granted and by means of remedies other than the statutory remedy corrollary to the divorce action. It is further said that no jurisdictional question is presented and that consequently prohibition is not a proper remedy.

*The limited question for our determination is whether the jurisdiction of the district court of Adams County, arising from the filing and disposition of the divorce action, precludes the district court of the City and County of Denver from proceeding pursuant to the Reciprocal Support Act.*

Preliminary to determination of the propriety of the present writ, we consider whether the district

court of Adams County acquired jurisdiction over support and custody of the minor children involved to the exclusion of other remedies and courts. One clear obstacle to the exclusive jurisdiction idea is that the district court of Adams County could not acquire exclusive jurisdiction over custody of minor children residing in a foreign jurisdiction. See *People ex rel. Wagner v. Torrence,* 94 Colo. 47, 27 P. (2d) 1038, recognizing the principle that a custody award entered by one court is not binding on courts of another state under the full faith and credit clause of the federal constitution after the child has become domiciled in the latter state; that when a child's domicile is changed he is no longer subject to the control of the court which first awarded his custody. It is clear, of course, that a child's domicile is that of the parent with whom it lives. See *Lyons v. Egan,* 110 Colo. 227, 132 P. (2d) 794. Note also that the recitation contained in the Adams County divorce decree is not conclusive on the question whether Adams County had jurisdiction. *Koscove v. Koscove,* 113 Colo. 317, 156 P. (2d) 696.

We agree also with the respondents' contention that even though the Adams County district court acquired jurisdiction it was not such that it could serve to exclude proceedings such as the present one because the question of support of minor children has been recognized often as a question which can be litigated separate and apart from divorce proceedings. The most recent case recognizing the right of a mother to institute an action in equity for maintenance and support of children is *McQuade v. McQuade,* 144 Colo. 11, 354 P. (2d) 597. There both of the parties to the divorce had been found guilty of conduct precluding the granting of relief. After dismissal of the suit the mother brought an action designated as a suit in equity for support. The holding was that such action could be maintained and was in no way affected by the previous adjudication. In pointing out that support is a right which belongs to the child inde-

pendent of the rights of the mother, the Court (per Mr. Justice Frantz) said:

"Although the formalism distinguishing law and equity is now largely historical, the underlying substantive concepts of these great branches of jurisprudence have been retained in large measure in their immemorial efficacy in our present system. There is authority for the proposition that equity will entertain a suit by a wife to compel her husband to support their infant child. Cohen v. Markel, Del. Ch., 11 A. 2d 702; Addy & Addy, 240 Iowa 255, 36 N.W. 2d 352; Leibold v. Leibold, 158 Ind. 60, 62 N.E. 627; Eldred v. Eldred, 62 Neb. 613, 87 N.W. 340. See 13 A.L.R. 2d 1142.

"Language in Graham v. Graham, 38 Colo. 453, 88 P. 852, 8 L.R.A., N.S., 1270, 12 Ann. Cas. 137, and Desch v. Desch, 55 Colo. 79, 132 P. 60, indicates an acceptance of the rule. Certainly the dissensions of the parents shall not deprive their children of the right to support commensurate with the father's means and station in life. Idem. Courts should be and generally are resourceful in seeing that this right is not denied in cases where the parents are in serious contention and live separate and apart from each other. Addy v. Addy, supra."

There are other decisions of this Court recognizing a remedy seeking child support independent of an action for divorce. See, for example, *Graham v. Graham,* 38 Colo. 453, 88 Pac. 852. There the county court awarded child support in a divorce action after the defendant had paid $2,000.00 (the judicial limit of the county court). The wife brought an action in the county court of another county seeking further child support. The husband took the position that the previous adjudication barred any further action. The holding was that the judgment in the divorce action did not determine the limits of the husband's obligation to support the children. The language of the Court here pertinent is as follows:

"Nor do we think that the judgment in the divorce

case determined the extent of such liability. The children were not parties to that action, and their rights were not concluded thereby. 'It is not the policy of the law to deprive children of their rights on account of the dissentions of their parents, to which they are not parties; or to enable the father to convert his own misconduct into a shield against parental liability.' *Pretzinger v. Pretzinger, supra;* 2 Bishop on Marriage, Divorce and Separation, §1223."

See also *Desch v. Desch,* 55 Colo. 79, 132 Pac. 60. In that case the divorce decree awarded custody to the mother but was silent as to child support. Later the mother brought an independent action to recover the total amount which she had expended in support of the children after the decree. In reversing the judgment denying recovery for past support, the Court said:

"The law imposes upon the father the obligation to support his minor children to the extent that they are not capable of earning their own livelihood. A decree of divorce at the suit of the wife, for his misconduct, which gives the custody of the children to her, but is silent as to their support, does not relieve him of this obligation. If, in such circumstances, he refuses or neglects to support them, the mother may recover from him, in an original action, a reasonable sum for necessaries furnished by her for their support, after such decree, commensurate with his means and station in life. The law implies a promise on his part to pay for her necessaries to this extent." (Citations omitted.)

Numerous other cases could be cited in support of the proposition that there may be a remedy for child support apart from a divorce action. This premise answers the contention that the district court of Adams County acquired an absolute and exclusive power to determine questions of child support to the exclusion of other remedies by reason of the filing of the divorce action. It follows that the present action may not be enjoined by original proceedings in prohibition.

We note in passing that the philosophy of our decision in this case is expressed in the recently enacted Reciprocal Support·Act, Senate Bill No. 171, Colorado Information Legislative Service for 1961, p. 432. Section 3 of this Act provides as follows:

*"Remedies additional to those now existing.* (1) The remedies herein provided are in addition to and not in substitution for any other remedies, and may be invoked even though a court in this state or any other state has entered a support order in another action and has continuing jurisdiction."

C.R.S. '53, 43-2-3, which was amended by the above quoted provision, attempted to express the same idea but was less effective. The final clause of the quoted part was added by the 43rd General Assembly.

In conclusion, we observe that the district court of Adams County acquired jurisdiction over the marriage res, together with the property of the marriage which was located within Colorado, and although it might have entered support orders, it did not choose to do so. Thus the court did not even assume jurisdiction in the support area and therefore it cannot be argued that the district court in fact preempted the subject. It is also clear that the district court of Adams County acquired no jurisdiction over the children and would have been powerless in the circumstances to award custody.

Having concluded that the acts of the district court of Adams County were not such as to exclude other remedies seeking to compel the husband-father's duty of support, it follows that the district court of the City and County of Denver was empowered to entertain the present action. The writ of prohibition is not here appropriate. Cf. *Leonhart v. District Court of Sedgwick County,* 138 Colo. 1, 329 P. (2d) 781; *People ex rel. Loveland & Greeley Ir. & Land Co. v. District Court of Larimer County,* 11 Colo. 574, 19 Pac. 541, and *Valas v. District Court,* 130 Colo. 21, 273 P. (2d) 1017.

Our decision restricts itself to the jurisdictional issue

discussed and we express no views directly or by implication as to the equities of this case, including the father's right of visitation as an incident of support. We simply hold that the district court of Denver is not precluded from proceeding to trial.

The rule to show cause is discharged.

MR. JUSTICE FRANTZ not participating.