## No. C-1764

## County of Clearwater, Minnesota v. Richard Petrash

(598 P.2d 138)

Decided July 23, 1979.  Rehearing denied August 20, 1979.

Robert R. Gallagher, Jr., District Attorney, 18th Judicial District, Ray L. Weaver, Chief Deputy, for petitioner.

Madsen & Rome, P. C., Gerald M. Madsen, for respondent.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals that a violation by one parent of the terms of a custody decree may be raised as a defense in an action against the other parent to obtain support under the Uniform Reciprocal Enforcement of Support Act, section 14-5-101, *et seq.,* C.R.S. 1973 (1978 Supp.). *Petrash v. County of Clearwater, Minnesota,* 41 Colo. App. 143, 589 P.2d 1370 (1979). We reverse, and remand for further proceedings.

I.

Richard and Kathryn Petrash were married in 1961. Three children were born of that marriage. Richard and Kathryn were divorced in 1971. Custody of the three children was awarded to Richard by decree of the Arapahoe County district court. Both parties remarried. Kathryn moved to Minnesota.

In June, 1974, the eldest child traveled to Minnesota to live with Kathryn. The child still resides in Minnesota. Richard did not initiate legal action to secure the child's return. It does not appear from the record that Richard has paid support for the child since June, 1974. Kathryn obtained public assistance from Clearwater County, Minnesota, to provide that support.

In November of 1974 and January of 1976, Clearwater County initiated actions in Minnesota under the Uniform Reciprocal Enforcement of Support Act (URESA) in order to obtain a decree from the Arapahoe County district court to secure reimbursement from Richard for support already provided, and to obtain future continuing support for the child. Both actions were dismissed by that court on the ground that Kathryn had violated the custody decree by refusing to return the child to Richard, and that in such circumstances no action for support under URESA could be brought against Richard. Neither of the dismissal orders was appealed.

In April of 1976, the Clearwater County court found that the child was a "neglected child" and ordered custody of the child to be transferred to the Clearwater County Welfare Board. Richard contended before the court of appeals that Minnesota lacked jurisdiction to effect that transfer of custody, but that issue is not before us for review. The Welfare Board placed the child with Kathryn, and brought this URESA action, seeking reimbursement for past support and to obtain future support for the child.

The Arapahoe County district court dismissed the action. The court of appeals affirmed in part and reversed in part. *Petrash v. County of Clearwater, Minnesota, supra.* We granted certiorari to review the court of appeals' determination that Kathryn's alleged violation of the Colorado decree awarding custody of the child to Richard may be raised as a defense in an action under URESA to obtain support for the child from Richard. C.A.R. 53(a)(3). We reverse.

## II.

There is no disagreement among the parties that, absent some compelling reason to the contrary, parents have an obligation to support their children. *McQuade v. McQuade,* 144 Colo. 11, 354 P.2d 597 (1960); *Graham v. Graham,* 38 Colo. 453, 88 P. 852 (1906). However, on the question whether the duty of one parent to support his[1] children may be discharged by the misconduct of the other parent, the decisions of this court and of the court of appeals are not wholly reconcilable. *Compare, Grosso v. District Court,* 149 Colo. 183, 368 P.2d 561 (1962); *Scheer v. District Court,* 147 Colo. 265, 363 P.2d 1059 (1961); *McQuade v. McQuade, supra,* and *Vigil v. Vigil,* 30 Colo. App. 452, 494 P.2d 609 (1970), *with Griffith v. Griffith,* 152 Colo. 292, 381 P.2d 455 (1963).

We are of the opinion that the better reasoned view is that a child's right to support is unaffected by the misconduct of his parents. "Certainly the dissensions of the parents shall not deprive their children of the right to support commensurate with the (parents') means and station in life." *McQuade v. McQuade, supra.* When matters concerning children appear before the courts, the welfare and best interests of the child are of paramount importance. *See, e.g., Fry v. Ball,* 190 Colo. 128, 544 P.2d 402 (1975); *Smith v. Organization of Foster Families,* 431 U.S. 816, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977). A parent's right to the company and affection of his child is of great value, *Reiter v. Reiter,* 225 Ark. 157, 278 S.W.2d 644 (1955), and an aggrieved parent is not without remedies to ensure compliance with custody orders. *See,* the Uniform Child Custody Jurisdiction Act, sections 14-13-101, *et seq.,* C.R.S. 1973 (1978 Supp.); URESA, section 14-5-104, C.R.S. 1973. But when a child is in need of support, questions relating to custody are immaterial. *Reiter v. Reiter, supra.*

We note the better reasoned decisions of the courts of other states are in accord with our view. *See, Reiter v. Reiter, supra; Gaidos v. Gaidos,* 48 Wash. 2d 276, 293 P.2d 388 (1956).

## III.

We are also supported in our decision by what we perceive to be the intent of the legislature to make matters relating to child support and

---

[1] This duty, of course, is incumbent upon both parties. *See, Colo. Const.,* Art. II, Sec. 29.

child custody independent of each other.

The Uniform Dissolution of Marriage Act, section 14-10-121, C.R.S. 1973 provides:

"*Independence of provisions of decree or temporary order*. If a party fails to comply with a provision of a decree or temporary order or injunction, the obligation of the other party to make payments for support or maintenance or to permit visitation *is not suspended*; but he may move the court to grant an appropriate order." (Emphasis added.)

The Uniform Reciprocal Enforcement of Support Act, section 14-5-124, C.R.S. 1973 (1978 Supp.) provides, in part, that:

"If the action is based on a support order issued by another court, a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to an obligor with respect to parentage or to a defendant in an action or a proceeding to enforce a foreign money judgment. *The determination or enforcement of a duty of support owed to one obligee shall be unaffected by any interference by another obligee with rights of custody or visitation granted by a court.*" (Emphasis added.)

Thus, if the present action had arisen because either the County of Clearwater or Kathryn[2] had attempted to use the procedures provided by URESA to enforce the terms of a support decree already entered, section 14-5-124 would prevent Richard from raising Kathryn's alleged violation of the terms of a prior or subsequent custody decree as a defense in this action. It would be anomolous indeed if Richard were allowed to raise that defense here, merely because the appellant in this case is attempting to obtain a new support order through use of the URESA procedures, rather than attempting to enforce the support decree of another court through those same procedures.

Accordingly, that part of the court of appeals' decision which is before us for review is reversed, and the cause remanded for further proceedings not inconsistent with this decision.

JUSTICE GROVES and JUSTICE ROVIRA dissent.

JUSTICE CARRIGAN did not participate.

---

[2] It is immaterial that Clearwater County, rather than Kathryn, is attempting to secure a support order against Richard. *See,* section 14-5-109, C.R.S. 1973.