Lorraine L. MATHEWS, f/k/a Lorraine L. Urban, Plaintiff-Appellee,

v.

Ambrosio URBAN, a/k/a Abe Urban, Defendant-Appellant.

No. 81CA0285.

Colorado Court of Appeals, Div. II.

Feb. 4, 1982.

Rehearing Denied Feb. 25, 1982.

Certiorari Denied May 3, 1982.

Edward B. Simonson, Basalt, for plaintiff-appellee.

Thomas C. Singer, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Ambrosio Urban, appeals the denial of his motion to set aside or modify a 1967 order reducing to judgment arrearages in child support. We reverse and remand.

In 1961, Mathews sued Urban for divorce in county court, seeking the maximum jurisdictional amount of $2,000. The county court entered a divorce decree and ordered Urban to pay $100 per month in child support until further order of the court. County court jurisdiction over the action was transferred to the district court in 1965. Colo.Const. Art. VI, Sec. 9(2). In 1967, Mathews obtained a district court order which reduced to judgment arrearages in child support payments in the amount of $6,116. Urban did not appeal this judgment.

In 1979, Mathews moved for appearance of the judgment debtor, and one month later, Urban moved to set aside the 1967 judgment. The trial court ruled that the 1961 child support order was valid and binding and that the 1967 order reducing arrearages to judgment was valid.

█ Mathews asserts that Urban may not challenge the 1967 judgment eleven years later because C.R.C.P. 60(b) requires that the motion be filed within six months of the judgment. However, since Urban claimed that the district court's judgment exceeded its jurisdiction, the time limit of Rule 60(b) does not apply. McNeece v. McNeece, 39 Colo.App. 160, 562 P.2d 767 (1977); see Thompson v. McCormick, 138 Colo. 434, 335 P.2d 265 (1959).

█ Urban argues that the 1967 judgment exceeded the jurisdictional amount established by Mathews' choice of the county court forum. He asserts that the judgment should be set aside, or in the alternative, reduced to $2,000.

Mathews contends that the judgment is valid because it was rendered by the district court, which has no jurisdictional limit. However, Mathews merely sought enforcement of the county court judgment in the district court. Since she sought only $2,000 in her divorce action before the county court, the limitation of her claim operates as a remittance of any amount in excess of $2,000. Litchfield v. Daniels, 1 Colo. 268 (1871). Although each child support installment is a separate judgment, Burke v. Burke, 127 Colo. 257, 255 P.2d 740 (1953), the jurisdictional limit applies to the total amount paid, and not to each monthly payment. See Prewitt v. Prewitt, 56 Colo. 174, 139 P. 1 (1914). Thus, Urban can be required to pay only $2,000 pursuant to the order of the county court. To recover additional amounts, Mathews must proceed in a separate equitable action. See Scheer v. District Court, 147 Colo. 265, 363 P.2d 1059 (1961); McQuade v. McQuade, 144 Colo. 11, 354 P.2d 597 (1960); Graham v. Graham, 38 Colo. 453, 88 P. 852 (1906).

█ In 1967, before ruling on the child support arrearages, the district court ordered Urban to continue paying child support of $100 per month until further order of the court. The trial court was without jurisdiction to enter this order. Between 1967 and 1978, when the youngest child reached majority, Urban made payments into the court registry which he claims more than satisfied the 1967 judgment. On the record before us, we are unable to determine the amount of such payments. On remand, the trial court should determine the exact amount paid by Urban in view of the $2,000 limit on his liability in the divorce action.

The order is reversed and the cause is remanded for entry of judgment consistent with the views herein expressed.

VAN CISE and TURSI, JJ., concur.