Donna C. RAE, Petitioner-Appellee,

v.

Stephen D. RUBIN,
Respondent-Appellant.

No. 85CA0230.

Colorado Court of Appeals,
Div. I.

April 17, 1986.

The Law Firm of Jacqueline St. Joan, Jacqueline St. Joan, Rene Rosechild, Denver, for petitioner-appellee.

Sherman & Howard, William L. Hunnicutt, Martha L. Fitzgerald, Denver, for respondent-appellant.

BERMAN, Judge.

In this petition for modification of child support, Stephen D. Rubin (father) appeals the judgment in favor of Donna C. Rae (mother), holding that mother is entitled to an increase in child support payments notwithstanding a prior separation agreement which limits the father's financial obligations. We reverse and remand for proceedings consistent with this opinion.

A judgment of divorce was entered in the State of Illinois terminating the marriage of the parties. The judgment incorporated a separation agreement that released father from periodic child support obligations in consideration for transferring certain stock and property in trust for the children, as well as allowing mother the physical custody of the minor children. In May 1984, mother filed the petition here at issue for modification of child support based on changed circumstances concerning the needs of the children.

The district court ruled that the child support provisions of the separation agreement approved by the Illinois court "violates the public policy of the State of Colorado and is, therefore, invalid and not enforceable." Thus, the court ordered father to provide the children child support, educational expenses, and various other financial obligations.

Father contends that the trial court violated the full faith and credit clause of the United States Constitution, U.S. Const. art. IV, § 1, by declaring the judgment of the Illinois court invalid. We agree.

Article IV, Section 1, of the United States Constitution provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

The district court reasoned that the separation agreement was not valid because the laws of Colorado make both parties responsible for the support of the children, and that obligation cannot be contracted away. See § 14–10–112, C.R.S. Further, the court relied upon Scheer v. District Court, 147 Colo. 265, 363 P.2d 1059 (1961) as determinative of the issues in this case. We find neither the court's reasoning nor its reliance on Scheer appropriate here.

First, we note that Scheer stands for the proposition that the issue of child support can be litigated separate and apart from divorce proceedings. We have no quarrel with that principle, but it was not raised

here. Father does not contend that the petition for modification of child support is invalid because it is not being pursued as a part of a dissolution of marriage proceeding. He is squarely under, and does not challenge, the jurisdiction of the district court regarding its power to decide this controversy. *See* § 14–10–122, C.R.S.

■ However, the district court does not have the power to void the separation agreement that is incorporated in the Illinois judgment. The agreement's creation of a child support trust does not violate any public policy of this state. There is no Colorado statutory or common law requirement that child support provisions be paid in a periodic manner rather than in a lump sum fashion as the parties here chose to do. Nor is there any mathematical formula for establishing a just and equitable support settlement. *See Carlson v. Carlson,* 178 Colo. 283, 497 P.2d 1006 (1972); *see also* § 14–10–115, C.R.S.

Upon remand, if the conditions for the modification of child support are shown, the district court may modify the Illinois child support determination as it sees fit. However, it must first recognize the Illinois judgment as being the standard against which a change sought under § 14–10–122, C.R.S., is to be measured.

The judgment is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

PIERCE and TURSI, JJ., concur.