[No. 8331.]

## MARTIN V. THE PEOPLE.

CRIMINAL LAW—*Non-Support of Child—Evidence of Parentage.* Where, in a prosecution under c. 179, of the Acts of 1911, the child in question was not born in wedlock, the prosecution has the burden of showing its parentage. The accused is entitled to deny that the child is his, and though a marriage with the mother is shown, he must be permitted to put in evidence that at the time of such marriage the woman was the wife of another. To exclude the evidence is error. (576, 577.)

*Error to Denver Juvenile Court.*   Hon. BEN B. LINDSEY, Judge.

*En Banc.*

Mr. EDWIN N. BURDICK, Mr. JOHN A. DEWEESE, Mr. ISHAM R. HOWZE, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, and Mr. CLEMENT F. CROWLEY, Assistant Attorney General, for The People.

Opinion by TELLER, J.

The plaintiff in error was convicted, under the act of 1911, of failing to support a minor child; and brings error.

It appears from the record that he and the mother of the child were married in April, 1909; that they lived together until March 27, 1910, when plaintiff in error, hereafter mentioned as the defendant, left the state, locating, soon afterward, in Portland, Oregon; that the child in ques-

tion was born to Mrs. Martin October 10, 1910; that defendant procured a decree of divorce from Mrs. Martin in Portland, Oregon, on June 16, 1911; that on May 16, 1913, he left Portland and came to this state, and that the information under which he was tried was filed May 31, 1913.

It charged wilful failure and neglect to support the child from January 1, 1913, to May 31, 1913.

In addition to numerous errors assigned on matters occurring on the trial it is alleged that the act under which the charge was filed is unconstitutional. Since the judgment must be reversed for errors in the trial, we will not, under a well established rule of this court, consider the attack upon the statute.

The defendant denied that he was the father of the child, and sought to show that the mother of the child, at the time he married her had a living husband, from whom she had not been divorced.

The district attorney's objections to all questions tending to throw light upon that subject were sustained.

The court instructed the jury that "when a child is born to a woman in lawful wedlock, the presumption is that the child is the child of her husband."

While the prosecution was thus given the benefit of this presumption, and, as the court told the jury, because of this presumption the burden of proof on the question of parentage was shifted to the defendant, he was denied the right to show matters which might have destroyed the presumption. If the mother of the child was not the wife of the defendant it was for the prosecutor to show that the defendant was the father, and it, as well as all other matters necessary to be proved in the case, must be proved beyond a reasonable doubt. The shifting of the burden of proof on that point was, therefore, a serious injury to the accused. The defense of non-parentage in a case like this is not usually easy to sustain, and to burden it with an adverse presumption when the very grounds of the presumption are in dispute, is to

deny the accused a fair trial. The ruling of the court on the evidence as to marriage was prejudicial error. In the instructions the court emphasized this error by telling the jury, over the objection of defendant's counsel, that the defendant and the child's mother were lawfully married,—were husband and wife. Then follows the instruction as to the presumption of parentage to which reference has been made. This instruction as to the presumption of legitimacy is twice repeated in a subsequent part of the court's charge.

The instructions are contradictory and confusing, and fail utterly to recognize the issue presented by the defendant in his denial of knowledge of the birth of the child. This was material because one cannot wilfully fail to support a child unless he knows of its existence.

Inasmuch, however, as the case must be reversed for the reasons heretofore given, it is unnecessary to consider the instructions further.

The judgment is reversed.

*Judgment Reversed.*

SCOTT, J., not participating.