494 P.2d 609 (1972)
Hilda Stella VIGIL, Plaintiff-Appellee,
v.
John Allen VIGIL, Defendant-Appellant.
No. 71-119.
Colorado Court of Appeals, Div. I.
February 29, 1972.
*610 Jarvis W. Seccombe, Dist. Atty., William O. Perry, Jr., Asst. Dist. Atty., Silvana Del Piccolo, Orrelle R. Weeks, Kathie L. Blackman, Deputy Dist. Attys., Denver, for plaintiff-appellee.
Robert W. Caddes, Denver, for defendant-appellant.
Selected for Official Publication.
DWYER, Judge.
This case arises under the Uniform Reciprocal Enforcement of Support Act, C.R.S. 1963, 43-2-1, et seq.
John Allen Vigil, the defendant, and Hilda Stella Vigil, the plaintiff, were married in 1964 in Denver, Colorado. The parties and the two children born to their marriage, resided in Denver until March of 1970 when the wife moved to California and took the children with her. The wife then initiated proceedings in California under the Uniform Reciprocal Enforcement of Support Act to obtain an order for the support of the children. Thereafter, pursuant to the Act, this action was commenced in the Denver District Court. Upon trial of the action, the court found that the defendant father owed a duty to support the children and ordered him to pay $60 per month for their support.
The support order, which defendant challenges on this appeal, is correct, and it is affirmed.
It is the position of the defendant that no order should be entered against him. He contends that he supported his wife and children while they were residing with him in Denver; that the wife, without cause and without his consent, left the common domicile and took the children to California; and that he is willing to support the children if they are returned to his home.
The purpose of the Uniform Reciprocal Enforcement of Support Act is to provide for the enforcement of duties of support. If the children are present in the "initiating state," the duty to support the children may be enforced in any "responding state" where jurisdiction over the father *611 can be obtained. In such proceedings, the only real issues are the duty of support and the ability of the father to pay support. State ex rel. Terry v. Terry, 80 N.M. 185, 453 P.2d 206; Blois v. Blois, 138 So.2d 373 (Fla.Dist.Ct.App.).
In Colorado, the duty of a father to support his children is not dependent upon the residence of the children. Santo v. Santo, 120 Colo. 13, 206 P.2d 341. A father can be compelled to support his children without regard to the children's place of abode.
The procedure provided for enforcement of the duty of support by the Uniform Reciprocal Enforcement of Support Act is not limited to cases where the father has left the state of the common domicile, but it applies equally where the wife has taken the children from the state of the common domicile. State ex rel. Terry v. Terry, supra; Commonwealth v. Mexal, 201 Pa.Super. 457, 193 A.2d 680.
Neither the fact that the mother in this case removed the children from Colorado without the defendant's consent nor the fact that he is willing to support them in Colorado relieves the defendant from his duty to support the children.
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.