600 P.2d 108 (1979)
The PEOPLE of the State of Colorado In the Interest of M. E. W. F., a child.
Upon the Petition of J. E. F., Petitioner-Appellant, and
Concerning, M. B. W., as Executrix of the Estate of M. C. W., Deceased, Respondent-Appellee.
No. 78-1181.
Colorado Court of Appeals, Div. I.
May 31, 1979.
Rehearing Denied June 21, 1979.
Certiorari Denied September 10, 1979.
George A. Hinshaw, Aurora, for petitioner-appellant.
Richard M. Kranzler, Wheatridge, for respondent-appellee.
COYTE, Judge.
Petitioner, on behalf of her minor child, brought this paternity action. During the course of the action, the alleged father died, and his personal representative was substituted as a party. From an order of the trial court dismissing the action, petitioner appeals, and we reverse.
Although the record is meager, the parties agree that the trial court's dismissal was based on the conclusion that paternity actions do not survive the death of the alleged father.
This action was filed in 1972 and is thus governed by § 19-6-101 et seq., C.R.S.1973, as the statutes existed prior to enactment of the Uniform Parentage Act. The former statute did not mention proceedings following the death of any of the parties. Cf. § 19-6-109(3), C.R.S.1973 (1978 Repl.Vol. 8).
Survival of actions is governed generally by § 13-20-101, C.R.S.1973, which provides:
"All causes of action, except actions for slander or libel, shall survive and may be brought or continued notwithstanding the death of the person in favor of or against whom such action has accrued ..."
Any action which is not enumerated as an exception to this statute survives the death of a party. Kling v. Phayer, 130 Colo. 158, 274 P.2d 97 (1954). Since paternity actions are not listed as an exception in the survival statute, the trial court erred in dismissing the action.
Our conclusion that paternity actions survive is buttressed by the fact that the Probate Code, § 15-11-109, C.R.S.1973, expressly allows establishment of paternity following the death of the father for purposes of determining intestate succession. Although this statute is not directly applicable to the instant case, statutes concerning the same subject matter should be read together in determining legislative intent. People in the Interest of M. K. A., 182 Colo. 172, 511 P.2d 477 (1973).
The order of the trial court is vacated and the action remanded for further proceedings consistent with this opinion.
VAN CISE and STERNBERG, JJ., concur.