Harriet Anne ROHRER,
Petitioner-Appellee,

v.

Arthur John KANE,
Respondent-Appellant.

No. 79CA0658.

Colorado Court of Appeals,
Div. I.

Feb. 21, 1980.

Dale Tooley, Dist. Atty., David R. Costello, Deputy Dist. Atty., Denver, for petitioner-appellee.

Arthur John Kane, pro se.

SMITH, Judge.

Respondent, Arthur Kane, seeks to vacate an order of the Denver District Court entered in a Reciprocal Enforcement of Support action requiring him to pay $250 per month for child support. He asserts, *inter alia*, that under the Uniform Reciprocal Enforcement of Support Act (URESA), child support cannot be ordered in a greater amount than that ordered by the court

which dissolved the marriage. We disagree.

In 1971 the marriage between petitioner, Harriet Rohrer, and respondent Kane was dissolved by a California court. At that time respondent Kane was ordered to pay $100 per month for the support of the two minor children of the parties. Kane, an attorney, is now a Colorado resident.

Petitioner, Harriet Rohrer, in August 1978, when respondent's arrearages in support under the California dissolution decree had exceeded $1,800, filed a petition in California, under that state's URESA, seeking to compel respondent to support his minor children.

Her representations to the California court showed that the requirements of the children at the time of initiating the URESA proceedings, necessitated an order of $250 per month. The California court certified copies of the petition, copies of the California Act, and the URESA "certificate" to the Denver District Court.

Pursuant to § 14–5–119, C.R.S.1973, of the Colorado URESA, § 14–5–101 et seq., C.R.S.1973, this section was initiated. At the conclusion of proceedings thereunder, and after a hearing at which respondent represented himself, the Denver District Court ordered respondent to pay $250 per month for child support beginning June 5, 1979.

■ We disagree with respondent's assertion that URESA cannot be used if the effect is to increase the amount of support over that ordered by the court originally dissolving the marriage. The purpose of URESA is to provide for the enforcement of duties of support. Section 14–5–102, C.R.S.1973, and *Vigil v. Vigil*, 30 Colo.App. 452, 494 P.2d 609 (1972). To achieve this end, the act provides that any remedies under the act are in addition to, and are not in substitution for any other remedies. Section 14–5–104, C.R.S.1973. In light of the purposes of the act and the legislative grant of broad powers to fashion the necessary remedies, we conclude that URESA must be liberally construed, and thus, that Colorado courts have authority to order child support under the provisions of this act commensurate with the current needs of the children and the abilities of the respondent, without being limited by previous support orders. *See Olson v. Olson*, 534 S.W.2d 526 (Mo.App.1976).

■ The respondent further asserts that the trial court erred by failing to grant an additional continuance of the trial because petitioner had failed to produce certain financial documents which respondent had requested of her. We disagree.

On April 5, 1979, the Colorado court issued, at respondent's request, an order continuing the hearing to May 11, 1979, and authorizing respondent to depose petitioner in California. The trial court further offered to issue a subpoena duces tecum in conjunction with letters rogatory. Respondent did not take advantage of this offer, but went to California and took the deposition of petitioner, the transcript of which he filed with the trial court upon his return.

On the morning of the hearing, May 11, 1979, respondent objected to proceeding because petitioner had not furnished an affidavit of income and expenses as required in domestic cases by the local rules of the Denver District Court. He also complained that she had not furnished him with the two previous years' income tax returns which he had requested. The trial court denied respondent's requests for further continuances and proceeded to hear the case. This ruling was entirely proper. The trial court had before it the affidavits filed in the California court as well as the testimony of petitioner in the form of her deposition which had been taken by respondent. The trial court had even offered to provide a method by which respondent could obtain the tax returns, which was declined. We therefore perceive no prejudice resulting to respondent by the trial court's requirement that the hearing proceed.

Respondent next asserts that the trial court erred in its award of $250 per month child support. He argues that this is a greater amount than he should be reasonably expected to pay. We disagree.

The award of child support is a matter within the sound discretion of the trial court, and its orders, on review, will not be disturbed unless abuse of discretion is demonstrated. *Berge v. Berge*, 189 Colo. 103, 536 P.2d 1135 (1975). Our review of the record discloses that there was ample evidence to support the trial court's findings and conclusions concerning both the needs of the children and respondent's ability to pay. We find no abuse of discretion.

We have considered respondents other assertions of error, and have found them to be without merit.

The order is affirmed.

COYTE and KELLY, JJ., concur.