**Lucy DEWAR,**
**Obligee-Petitioner-Appellee,**

v.

**Larry LeNARD, a/k/a Lawrence Ballar LeNard, Obligor-Respondent-Appellant.**

**No. 82CA0284.**

Colorado Court of Appeals,
Div. 1.

Sept. 9, 1982.

Robert R. Gallagher, Jr., Dist. Atty., Ray L. Weaver, Chief Deputy Dist. Atty., Littleton, for obligee-petitioner-appellee.

Eugene E. Drake, Englewood, for obligor-respondent-appellant.

KELLY, Judge.

In this proceeding for child support under the Revised Uniform Reciprocal Enforcement of Support Act (URESA), § 14–5–101, et seq., C.R.S.1973, the mother, Lucy Dewar, seeks child support from the father, Larry LeNard, for their sixteen-year-old daughter. The father appeals the trial court's temporary order of child support, and we affirm.

The mother filed a petition for child support in Illinois in May 1981. In his answer, the father admitted parenthood but denied his duty to support the child. The father served interrogatories on the mother and the child in August and received answers in November 1981. In December, the district attorney provided the father with an affi-

davit containing financial information concerning the mother. The father filed a motion to compel further answers to the interrogatories and to depose the mother, and the trial court held a hearing in January 1982. The father's motion to compel and to depose was granted, and at the same hearing the trial court took testimony from the father concerning his ability to support the child. The trial court found that the father had a duty to support the child and an ability to pay, and ordered temporary support of $125 per month. A hearing on permanent orders was set for May 1982.

The father contends that he was denied due process when the trial court held a hearing and entered a temporary support order prior to the deposition authorized by the motion to compel because he "did not have any opportunity for reasonable and meaningful discovery before being compelled to litigate issues that impact upon his substantive rights." We disagree.

 In a proceeding under URESA, the only issues are the duty of support and the ability of the father to pay support. *Vigil v. Vigil,* 30 Colo.App. 452, 494 P.2d 609 (1972). While it is true that the mother had not yet been deposed, the trial court had before it an affidavit from the mother, her tax returns for 1978, 1979, and 1980, a financial affidavit showing that she was currently unemployed, and a sworn statement that the child was not emancipated. In addition, the father's testimony confirmed his parenthood and his financial ability to provide child support. Thus, there was sufficient information before the trial court to provide a basis for an order of child support. *See Rohrer v. Kane,* 44 Colo.App. 85, 609 P.2d 1121 (1980).

The father asserts that URESA does not authorize a hearing on temporary support orders. On the contrary, URESA expressly provides for temporary orders. Under § 14–5–103(2), C.R.S.1973, the "duty of support" includes a duty of support imposed by court order "whether interlocutory or final." A "support order" is defined as any order of support, "whether temporary or final." Section 14–5–103(14), C.R.S.1973.

Section 14–5–119(2), C.R.S.1973, requires the prosecuting attorney to request a hearing, and, under § 14–5–121, C.R.S.1973, if the obligee is not present and the obligor denies owing the duty of support, the court must "continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court." These provisions authorize the precise sequence of events which have occurred in this case.

The father's allegation that the trial court's order was based on insufficient evidence is without merit. *Rohrer, supra.*

The mother has requested costs pursuant to C.A.R. 38, asserting that this is a frivolous appeal. We disagree, and deny the request for costs.

Judgment affirmed.

COYTE and STERNBERG, JJ., concur.