**Connie LEWIS, Petitioner–Appellee,**

v.

**Wayne SCHNEIDER, as Personal Representative of the Estate of Charles Schneider, a/k/a Chuck Schneider, Deceased, Respondent–Appellant.**

No. 93CA1334.

Colorado Court of Appeals, Div. III.

June 30, 1994.

Rehearing Denied Aug. 25, 1994.

Certiorari Denied March 6, 1995.

Don Freemyer, Durango, for petitioner-appellee.

Charles A. Nicholson, P.C., Charles A. Nicholson, Durango, for respondent-appellant.

Opinion by Judge PLANK.

Respondent, the personal representative of the estate of Charles E. Schneider, appeals

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.)

the trial court's judgment entered in favor of petitioner, Connie Lewis, which declared her to be the natural child of Charles E. Schneider and therefore entitled to inherit her proportionate share of the assets of the Schneider estate. We affirm.

Vincent and Dorothy Macrander were married in 1953. At the time of the marriage, Vincent knew that Dorothy was pregnant with another man's child. Six months later, Dorothy Macrander gave birth to Lewis. Her birth certificate indicated that Vincent Macrander was her father.

It is undisputed that Lewis did not know the identity of her biological father until she reached majority. It is also undisputed that Lewis, Schneider, and the Macranders, prior to Schneider's death, acknowledged that Lewis was Schneider's biological child.

In 1991, Schneider died intestate. Following Schneider's death, both Lewis and the personal representative obtained tissue samples from Schneider and submitted them for DNA analysis. The tests determined that the probabilities that Schneider was Lewis' biological father ranged from 99.87% to 99.92%.

Lewis filed a petition to be declared an heir to Schneider's estate. Following a trial to the court, it determined that Lewis had established, beyond a reasonable doubt, the paternity of Schneider. The court also found that Lewis had rebutted the presumption that she was the child of Vincent Macrander pursuant to § 19–4–105(2), C.R.S. (1993 Cum.Supp.). Accordingly, the trial court held that, as the biological daughter of Schneider, she was entitled to inherit her proportionate share of Schneider's estate.

## I.

■ The personal representative contends the trial court erred in applying § 15–11–109, C.R.S. (1987 Repl.Vol. 6B) to determine that Lewis had established the paternity of Schneider beyond a reasonable doubt. We disagree.

Section 15–11–109 provides:

(1) If, for purposes of intestate succession, a relationship of parent and child must be

established to determine succession by, through, or from a person:

. . . .

(b) [In cases not covered by paragraph (a) [concerning an adopted child] ... *a person born out of wedlock* is a child of the mother. That person is also a child of the father, if:

. . . .

(II) The paternity is established by an adjudication before the death of the father or is established thereafter by a preponderance of the evidence.... (emphasis added)

In its order, the trial court stated:

Genetic tests submitted by both sides establish the probability of paternity to be 99.87 percent and 99.92 percent.... This, together with other evidence, establishes the fact of paternity not just by a preponderance or by clear and convincing evidence, but meets the higher standard of proof, beyond a reasonable doubt.... The undisputed facts of this case establish that [Lewis] was born out of wedlock and is not time barred from establishing her entitlement to inherit.

The personal representative asserts that § 15–11–109 does not control Lewis' right to inherit from Schneider's estate because Lewis was not "born out of wedlock." The personal representative maintains that because Lewis' mother was married to Vincent Macrander at the time of Lewis' birth, Lewis was born *in wedlock*. Therefore, according to the personal representative, Lewis is precluded from establishing herself as a "child" of Schneider under the Colorado Probate Code.

There are no Colorado cases that construe the terminology "born out of wedlock" in the context of § 15–11–109(1)(b), C.R.S. (1987 Repl.Vol. 6B). Other jurisdictions have interpreted the phrase to refer both to a child born to an unmarried woman and also to one born to a married woman but having a father other than the mother's husband. *Estey v. Mawdsley,* 3 Conn.Cir.Ct. 491, 217 A.2d 493 (1966); *Wilkins v. Georgia Department of Human Resources,* 255 Ga. 230, 337 S.E.2d

20 (1985); *Johnson v. Studley–Preston,* 119 Idaho 1055, 812 P.2d 1216 (1991); *Pursley v. Hisch,* 119 Ind.App. 232, 85 N.E.2d 270 (1949); *Smith v. Robbins,* 91 Mich.App. 284, 283 N.W.2d 725 (1979); *Martin v. Lane,* 57 Misc.2d 4, 291 N.Y.S.2d 135 (N.Y.Fam.Ct. 1968), *rev'd sub nom. on other grounds, Mannain v. Lay,* 33 A.D.2d 1024, 308 N.Y.S.2d 248 (1968), *aff'd,* 27 N.Y.2d 690, 314 N.Y.S.2d 9, 262 N.E.2d 216 (1970); *In re Legitimation of Locklear by Jones,* 314 N.C. 412, 334 S.E.2d 46 (1985); *State v. Coliton,* 73 N.D. 582, 17 N.W.2d 546 (1945).

We adopt this definition of "born out of wedlock." Accordingly, we approve the trial court's determination that, as a child born to a married woman (Dorothy Macrander) but having a father other than Vincent Macrander, Lewis properly established the paternity of Schneider following his death.

In our view, logic dictates this result. If the General Assembly had intended "born out of wedlock" to apply only to children born to women who are unmarried, then this statute would create a conclusive rule that any child born during a marriage is a child of the wife and husband. In fact, such a rule would turn a long-established presumption under § 19–4–101, et seq., C.R.S. (1993 Cum. Supp.) and *Martin v. People,* 60 Colo. 575, 155 P. 318 (1916), into an irrebuttable conclusion. In our view, the General Assembly did not intend this result. *See also* § 19–4–103, C.R.S. (1993 Cum.Supp.).

## II.

■ The personal representative next asserts that the trial court erred in allowing Lewis to establish the paternity of Schneider notwithstanding the time limitation contained in Colorado's Uniform Parentage Act, § 19–4–107(1)(b), C.R.S. (1993 Cum.Supp.). We are not persuaded.

The personal representative's argument turns on the presumption of paternity created by the Uniform Parentage Act. Section 19–4–105(1)(a), C.R.S. (1993 Cum.Supp.) states that a man is presumed to be the natural father of a child if he and the child's natural mother are married to each other and the child is born during the marriage.

Further, § 19–4–107(1)(b) provides that if a child, her natural mother, or her presumed father seeks to declare the nonexistence of the father and child relationship, the action must be brought no later than five years after the child's birth. *See People in Interest of S.L.H.,* 736 P.2d 1226 (Colo.App.1986).

Relying upon *M.R.D. v. F.M.,* 805 P.2d 1200, 1202 (Colo.App.1991), the personal representative argues that before Lewis could have established a father-child relationship with Schneider, she was required to "disestablish" Macrander's presumed paternity under § 19–4–105(1)(a). Accordingly, the personal representative asserts that since Lewis did not demonstrate within the first five years of her life that Vincent Macrander was *not* her natural father, she is now precluded from establishing the paternity of Schneider.

In reaching this conclusion, the personal representative assumes that, because both § 15–11–109 and the Uniform Parentage Act deal with paternity issues, the two statutory schemes must be read together. Further, the personal representative's argument assumes that reading the statutes together requires the time limitations contained in the Uniform Parentage Act to be superimposed on § 15–11–109. We are not persuaded.

While we acknowledge that both § 15–11–109 and the Uniform Parentage Act deal with paternity issues, given the circumstances presented here, we determine, for several reasons, that the probate code provisions control.

First, the express language of § 15–11–109 does not refer to, or require, the application of the provisions in the Uniform Parentage Act to determine a child's right of succession.

Second, there are no Colorado cases that explicitly compel the time limitations of the Uniform Parentage Act to govern the application of § 15–11–109. Although the personal representative relies upon *People in Interest of M.E.W.F.,* 42 Colo.App. 495, 600 P.2d 108 (1979) for the proposition that § 15–11–109 and the paternity statutes must be read together, that case is distinguishable in that it concerned the survival of the petitioner's paternity action after the death of the alleged biological father.

Finally, we acknowledge the personal representative's argument that the rules of statutory construction mandate that a specific statutory provision controls over a conflicting general provision. Section 2–4–205, C.R.S. (1980 Repl.Vol. 1B). However, in our view, the issue in this case is whether Lewis can inherit her proportionate share of Schneider's estate once paternity has been established pursuant to § 15–11–109. Here, § 15–11–109 specifically controls this issue, and the more general provisions of the Uniform Parentage Act arise only as the personal representative's defense to Lewis' petition.

The personal representative additionally relies on *In re Estate of Sorensen*, 411 N.W.2d 362 (N.D.1987) in support of his proposition that Lewis' claim is time barred pursuant to the Uniform Parentage Act. We choose not to follow the *Sorensen* case as it is not binding authority and, in our view, a situation which is factually distinguishable.

### III.

█ Lastly, the personal representative argues that the trial court denied Schneider's other children equal protection of the law in granting Lewis' petition to be declared an heir of the estate. We disagree.

Section 19–4–105(2) provides:

A presumption under this section may be rebutted in an appropriate action only by clear and convincing evidence. If two or more presumptions arise which conflict with each other, the presumption which on the facts is founded on the weightier considerations of policy and logic controls. The presumption is rebutted by a court decree establishing paternity of the child by another man.

We agree with the trial court's conclusion that Lewis, by way of scientific testing, rebutted the presumption that Vincent Macrander was her father and established that Schneider was Lewis' biological father. The personal representative, however, contends that this decision has given Lewis rights superior to those belonging to Schneider's legitimate children, *i.e.*, the filiation with two fathers. We reject this contention.

First, Macrander is not a party to this action. The issue raised by the personal representative concerning the relationship between Lewis and Macrander is not properly before this court. Secondly, this opinion does not give Lewis any greater rights to Schneider's estate than the rights held by Schneider's other children.

Accordingly, the trial court's judgment is affirmed.

JONES and KAPELKE, JJ., concur.