[No. 31339-8-I.    Division One.    August 7, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY
SCOTT OWENS, *Appellant*.

*Nielsen & Acosta*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *David F. Thiele, Deputy*, for respondent.

GROSSE, J. — Gregory Scott Owens appeals his conviction of two counts of first degree rape of a child and the exceptional sentence imposed. Finding no reversible error, we affirm.

Much of this appeal pertains to the hearsay rules. Because B.K. was over the age of ten when he made the challenged statements, the child hearsay statute, RCW 9A.44.120, does not apply and we are left to wrestle with the evidence rules, particularly the one pertaining to excited utterances. ER 803(a)(2).

During the sixteen months after B.K.'s family moved in with Owens, B.K.'s health mysteriously deteriorated. Despite visits to numerous medical personnel the cause remained undiagnosed until Dr. Anderson investigated the possibility that abuse might be the cause. The day he saw Dr. Anderson, B.K. hysterically acknowledged to his mother and his sister that Owens had molested him. He also told his grandparents. The mother and grandmother testified to these facts at trial. We agree with the trial court that his mother's testimony was admissible as an excited utterance provoked by the doctor's examination.[1] While we cannot agree with respect to the grandmother's testimony, we do not believe that it was of sufficient importance to require reversal.

---

[1] We apply the abuse of discretion standard of review. *State v. Bryant*, 65 Wn. App. 428, 432, 828 P.2d 1121, *review denied*, 119 Wn.2d 1015 (1992).

B.K.'s mother testified as follows:

On the way [to my parents' home on November 6, 1991], I asked [B.K.] again if he was molested and he told me yes. He just nodded his head yes, and on the way there, [B.K.] started screaming. I mean just screaming on the freeway. I've never heard that cry before, it was awful, and I — [B.K.'s sister] was in the back seat and just held on to him until he was okay, and said it was okay. And then we went to my mom's house, and [B.K.] said that he didn't want us to tell grandma and grandpa, that he would tell them.

Defense counsel objected to this testimony on the ground it was inadmissible hearsay.

B.K.'s grandmother testified that B.K. said to her: "I was molested, Grandma." and that "Greg did this to me, Grandma." Defense counsel objected to this testimony on the ground it was inadmissible hearsay.

■ In order for a statement to qualify as an excited utterance under ER 803(a)(2), three requirements must be met. "First, a startling event or condition must have occurred. Second, the statement must have been made while the declarant was under the stress of excitement caused by the event or condition. Third, the statement must relate to the startling event or condition." *State v. Chapin*, 118 Wn.2d 681, 686, 826 P.2d 194 (1992). These three requirements were met with respect to the testimony at issue.

■ With respect to the first requirement, the startling event "need not be the 'principal act' underlying the case." *State v. Chapin*, 118 Wn.2d at 686. Rather, a subsequent startling event can occur which triggers associations with an original trauma, thereby recreating the original stress and causing the declarant to exclaim spontaneously. The court in *Chapin* cited a Ninth Circuit case, *United States v. Napier*, 518 F.2d 316 (9th Cir.), *cert. denied*, 423 U.S. 895 (1975), as an illustration of this scenario. In that case, an assault victim was unexpectedly shown a picture of the alleged assailant in a newspaper eight weeks after the assault. As a result of being shown the picture, the victim became excited and exclaimed, " 'He killed me, he killed

me.' " The court held that under the facts before it, the display of the newspaper photograph "qualifie[d] as a sufficiently 'startling' event to render the statement made in response thereto admissible." *United States v. Napier*, 518 F.2d at 318.

The court in *Chapin* applied this reasoning to a statement made by a resident of a convalescent home suffering from Alzheimer's disease. Each time the resident saw a particular male nurse's aide walk by his room, he would become agitated and verbally abusive. In response to his wife's question as to why he did not like the aide, the resident responded, "Raped me." With respect to the requirement of ER 803(a)(2) that there be a startling event, the court cited *Napier* and concluded that both the alleged rape and the resident's seeing the aide qualified as a startling event.

Similarly, in the present case, we find that B.K.'s visit to the physician and the intrusive medical examination to which he was subjected during the visit, combined with the pointed questions from his family immediately thereafter as to whether he had been molested, recreated the original stress caused by the acts of abuse and constituted a startling event for purposes of ER 803(a)(2). As the courts in both *Napier* and *Chapin* noted, what makes an event startling is its effect upon the person perceiving it. *State v. Chapin*, 118 Wn.2d at 687; *see also United States v. Napier*, 518 F.2d at 318. Here, although a medical examination and questions by family members may not be startling events in general, under the facts of this case, we find that these factors combined to recreate the original stress and caused B.K. to utter spontaneous declarations in response to a startling event.

■ The second requirement under ER 803(a)(2), that the statement be made while the declarant was under the stress of excitement caused by the startling event, is "the essence" of the excited utterance exception and (*State v. Chapin*, 118 Wn.2d at 687) the key to this requirement is spontaneity. B.K.'s statements to his mother disclosing

that he had been molested were made immediately after her questioning which, as discussed, was one factor contributing to the creation of the startling event, and the questioning occurred shortly after B.K.'s visit to the physician. Consequently, we find that B.K.'s statements to his mother were made while B.K. was under the stress caused by these startling events.

We cannot say, however, that B.K.'s statements to his grandmother were likewise made with the requisite spontaneity to render them admissible under ER 803(a)(2). The statements were made after some time had elapsed since B.K.'s examination by the physician, and after he had broken down in the automobile with his mother and sister. The statements were made after B.K.'s grandmother comforted him and urged him to tell her what was wrong. The statement identifying Owens as the abuser was not made until even later that day, after B.K.'s grandmother had retired to her bedroom to "get [her] thoughts together" and had spent some time alone in the den. Given the passage of time, B.K.'s statements to his grandmother were not made while he was under the stress of excitement caused by the startling events and were therefore not spontaneous. The admission of evidence of these statements under ER 803(a)(2) was therefore error. But, given the other evidence introduced, the erroneous admission of this evidence did not affect the outcome of the trial and was therefore harmless. *State v. Hastings*, 119 Wn.2d 229, 236, 830 P.2d 658 (1992); *State v. Stanton*, 68 Wn. App. 855, 867, 845 P.2d 1365 (1993).

Finally, the third requirement under ER 803(a)(2) was met, namely that B.K.'s utterances related to the startling event. The doctor's visit and the questioning pertained to potential acts of sexual abuse that had been committed upon B.K. by an as yet unnamed perpetrator. In light of the foregoing, the trial court did not abuse its discretion by admitting the testimony under ER 803(a)(2).

Owens also claims the trial court erred by admitting testimony by Dr. Henderson and Dr. Baer concerning

B.K.'s statements to them. B.K. told these physicians that Owens had "pushed his penis up [his] butt." Owens failed to object to this testimony below. Accordingly, his objections were not preserved and are not subject to review on appeal. *State v. Rasmussen*, 70 Wn. App. 853, 859, 855 P.2d 1206 (1993); *State v. Stevens*, 58 Wn. App. 478, 494, 794 P.2d 38, *review denied*, 115 Wn.2d 1025 (1990). In any event, the testimony was admissible under ER 803(a)(4) as statements for purposes of medical diagnosis or treatment. *See State v. Alexander*, 64 Wn. App. 147, 152, 822 P.2d 1250 (1992) (admitting a child's statements to a physician that the defendant had touched her "privates" in the bathtub); *State v. Bishop*, 63 Wn. App. 15, 25; 816 P.2d 738 (1991) (admitting a child's statements to a pediatrician that the defendant stuck his fingers in her "privates" and kissed her), *review denied*, 118 Wn.2d 1015 (1992).

We find no error in the admission of the testimony at issue. The trial court is affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be published in the Washington Appellate Reports, and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

WEBSTER and BECKER, JJ., concur.