**The People of the State of Colorado, Upon the Petition of the Arapahoe County District Attorney, Family Support Division as Delegate Child Support Enforcement Unit on behalf of the minor child, Petitioner–Appellant.**

**In the Interest of R.L.H, a Child,**

**and Concerning R.W.J., Respondent–Appellee.**

**No. 96CA1629.**

Colorado Court of Appeals,
Div. II.

July 24, 1997.

James J. Peters, District Attorney, Lisa Z. Koch, Deputy District Attorney, Englewood, for Petitioner–Appellant.

No Appearance for Respondent–Appellee.

Opinion by Judge DAVIDSON.

The issue presented in this case is whether, in proceedings brought under the Uniform Interstate Family Support Act, § 14–5–101, et seq., C.R.S. (1996 Cum.Supp.) (UIFSA), the trial court has subject matter jurisdiction to enter orders concerning parenting time. We conclude that it does not and, therefore, reverse.

This case was originally initiated in the state of Nevada under the Uniform Reciprocal Enforcement of Support Act (URESA, amended in 1968 by the Revised Uniform Reciprocal Enforcement Support Act (RURESA)), to obtain support payable to L.L.H. (mother) on behalf of the minor child, R.L.H. In 1993, the General Assembly adopted UIFSA, which, effective January 1, 1995, superseded RURESA. Pursuant to UIFSA, a petition was filed in Colorado, as the responding state, to determine parentage, child support, and arrearages.

At the hearing to establish support, after an initial dispute concerning parentage, the parties stipulated that respondent, R.W.J., was the father of the child for whom support was sought and an amount of support was ordered.

During the proceedings, however, father requested an order concerning parenting time. Over the People's objection that the issue was beyond the permissible scope of a UIFSA proceeding, the trial court concluded that it had jurisdiction to grant the request. In so concluding, the trial court reasoned that, because a parentage determination pursuant to UIFSA requires "application" of the Uniform Parentage Act (UPA), § 19–4–101, et seq., C.R.S. (1996 Cum.Supp.), a provision of the UPA, § 19–4– 111(4), C.R.S. (1996 Cum.Supp.), allowed it to enter temporary orders for parenting time. Accordingly, the court granted father regular weekly telephone visitations with the child as well as reasonable and liberal visitation and shared transportation costs.

On appeal, the People argue that, contrary to the trial court's construction of the statute, the reference to the UPA in the Colorado UIFSA simply establishes a method to determine parentage. Thus, the People assert, the trial court erred in concluding that it had jurisdiction to enter orders granting father parenting time. We agree and hold that, as the responding tribunal in a proceeding brought pursuant to UIFSA, the trial court's subject matter jurisdiction does not extend to the determination of parenting time.

The Colorado UIFSA provision relied upon by the trial court, § 14–5–701(b), C.R.S. (1996 Cum.Supp.), provides, in pertinent part:

> In a proceeding to determine parentage, a responding tribunal of this state shall apply the 'Uniform Parentage Act' and the rules of this state on choice of law. (emphasis added)

This provision is identical to the equivalent section of the Uniform Interstate Family Support Act (Uniform Act), 9 *Uniform Laws Annot.* § 701(b) (1997 Supp.).

■ In construing a statute, a court is to give effect to the intent of the General Assembly. In determining this intent the history of the statute is often helpful. *People in Interest of L.B.*, 29 Colo.App. 101, 482 P.2d 1010 (1970), *aff'd*, 179 Colo. 11, 498 P.2d 1157 (1972). To discern legislative intent, it is fundamental that the whole of the act must be read and considered in context. *Humana, Inc. v. Board of Adjustment*, 189 Colo. 79, 537 P.2d 741 (1975). And, statutes concerning the same subject matter should be read together in determining legislative intent. *People in Interest of M.E.W.F.*, 42 Colo.App. 495, 600 P.2d 108 (1979).

■ Furthermore, because the statute here has been adopted from a uniform law, it should be construed to bring uniformity to the law in the various states. *See* § 14–5–901, C.R.S. (1996 Cum.Supp.) ("This article shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this article among states enacting it."); *see also In re Marriage of Wells*, 850 P.2d 694 (Colo.1993) (interpreting Uniform Dissolution of Marriage Act, § 14–10–101, et seq., C.R.S. (1987 Repl.Vol. 6B)).

In order to place § 14–5–701(b) in its proper context, we first turn to the history and purpose of UIFSA's predecessor acts and to the statutory framework of UIFSA itself.

The purpose of URESA, and later, RURESA, was to provide for the enforcement of support obligations in another state without requiring commencement of legal proceedings there. *Rohrer v. Kane*, 44 Colo.App. 85, 609 P.2d 1121 (1980). Thus, the only issues

for the court's resolution in such proceedings were the duty of support and the ability of the obligor to pay. *Vigil v. Vigil*, 30 Colo. App. 452, 494 P.2d 609 (1972); *see also Kansas State Department of Social & Rehabilitation Services v. Henderson*, 620 P.2d 60 (Colo.App.1980); *In re Byard v. Byler*, 74 Ohio St.3d 294, 658 N.E.2d 735 (1996) (URESA subject matter jurisdiction is limited to matters of child support).

Necessarily, because a determination of parentage is a condition precedent to the establishment of an obligation to pay support, a court, under certain circumstances, could adjudicate the issue of parentage if raised as a defense in a URESA action. *See* § 14–5–128, C.R.S. (1987 Repl.Vol. 6B) (if obligor asserts that he is not the parent of the child for whom support is sought, "the court may adjudicate the parentage issue"); *Nye v. District Court*, 168 Colo. 272, 274, 450 P.2d 669, 670 (1969) (before duty of support can be imposed, "it must be established that person upon whom obligation of support is imposed is, in truth, the father of the child").

However, in a URESA action, the authority to consider the issue of parentage was narrow and did not confer jurisdiction over visitation and custody issues. *See In re Byard v. Byler, supra; State v. Owens*, 78 Wash.App. 897, 899 P.2d 833 (1995), *aff'd*, 128 Wash.2d 908, 913 P.2d 366 (1996) (purpose of URESA is to provide a single, convenient, and uniform interstate proceeding to obtain support and should not be burdened with collateral issues such as custody and visitation); *see also People ex rel. Van Meveren v. District Court*, 638 P.2d 1371 (Colo.1982); *Vigil v. Vigil, supra.*

■ The replacement of URESA and RURESA by UIFSA did not expand the permissible scope of issues to be addressed in interstate child support enforcement proceedings. To the contrary, the goal of the new law was to provide mechanisms to address problems, such as multiple or conflicting support orders as to the same parties and children, that had persisted in the interstate enforcement of support under RURESA. *See* Schumacher, *The Colorado Uniform Interstate Family Support Act*, 23 Colo. Law.

2535 (1994); Sampson & Kuntz, *UIFSA: An Interstate Support Act for the 21st Century*, 27 Fam. L.Q. 85 (1993).

Thus, a determination of custody or visitation issues is noticeably absent from the list of duties and powers delineated in § 14–5–305, C.R.S. (1996 Cum.Supp.), the statutory section of the Colorado UIFSA which, in a change from the more general language of RURESA, was designed to "make explicit the wide range of specific powers and duties of the responding tribunal." In fact, the comment to the section makes clear that visitation issues are not to be litigated in the context of a support proceeding. *See* Uniform Interstate Family Support Act, 9 *Uniform Laws Annot.* § 305 comment at 350 (1997 Supp.).

Further, and more specifically, § 14–5–305(b)(1), C.R.S. (1996 Cum.Supp.) circumscribes the responding tribunal's power with regard to parentage. Under this statute, the responding tribunal has the power only to "render a judgment to determine parentage."

In addition, Uniform Interstate Family Support Act, 9 *Uniform Laws Annot.* § 201 (1997 Supp.), which sets forth the bases for jurisdiction over nonresidents, states that "the power to assert jurisdiction over support issues under the Act does not extend the tribunal's jurisdiction to other matters." *See also* § 14–5–314(a), C.R.S. (1996 Cum.Supp.) (providing that participation by a petitioner in a UIFSA proceeding before the responding tribunal does not confer personal jurisdiction over that party in another proceeding).

In this historical as well as textual context, the language of § 14–5–701(b), which directs the responding tribunal to "apply" the UPA to determine parentage, cannot be read either to require, or permit, a trial court to consider parenting issues in a UIFSA proceeding. The section merely instructs the UIFSA tribunal, if parentage is an issue, to apply the *procedures* to determine parentage that are set forth in the UPA. It is a choice of law provision. By its terms, it does not expand the narrow scope of child support enforcement to issues not otherwise properly before the court. *Cf.* Sampson, *Uniform In-terstate Family Support Act*, 27 Fam. L.Q. 93 at 166–67 (1993).

This construction is consistent with the only reported case decided on this issue, in which the Arkansas Supreme Court concluded that, as under URESA and RURESA, collateral matters such as visitation rights could not be considered in a UIFSA action because to do so would necessarily burden the child support determination and run counter to the goal of streamlining those proceedings. *Chaisson v. Ragsdale*, 323 Ark. 373, 914 S.W.2d 739 (1996).

It is also instructive that, in 1996, the General Assembly clarified that the UPA parenting time provisions do not apply in UIFSA proceedings by adding § 19–4–130(2), C.R.S. (1996 Cum.Supp.) to the UPA. This section provides that § 19–4–130(1), C.R.S. (1996 Cum.Supp.)—which requires the court as soon as practical to enter a temporary or permanent custody order—does not apply to any paternity determination made pursuant to § 14–5–701 of UIFSA.

Moreover, we observe that an obligor remains able to establish parenting time in the same proceedings in which parentage and child support are sought and determined. The remedies of UIFSA, like those of its predecessor acts, are cumulative to remedies available under other law. Section 14–5–103, C.R.S. (1996 Cum.Supp.). Thus, for example, although such a forum may be less convenient, an obligor can opt to have the issues of child support, custody, and parenting time determined in the first instance in the child's home state. *See Clearwater County v. Petrash*, 198 Colo. 231, 598 P.2d 138 (1979).

Because we have determined that the trial court did not have subject matter jurisdiction to address an issue of parenting time, we need not address the other issues raised by the People.

The portion of the judgment concerning parenting time is reversed.

PLANK and BRIGGS, JJ., concur.