Teresa A. OSTERMILLER and Brett R. Ostermiller, a minor, Appellants (Petitioners),

v.

Scott SPURR, Appellee (Respondent),

State of Wyoming, Department of Family Services, Appellee (Petitioner).

No. 97–219.

Supreme Court of Wyoming.

Dec. 10, 1998.

John M. Burman, Faculty Supervisor, University of Wyoming Legal Services Program; Blair Bales, Student Intern, Laramie, Wyoming; and Boyd M. McMaster of Nichols, Douglas, Kelly and Meade, Scottsbluff, Nebraska, for Appellants.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Donna A. Murray, Special Assistant Attorney General, Cheyenne, Wyoming, for Appellee State, Department of Family Services.

No appearance for Appellee Scott Spurr.

Before LEHMAN, C.J., and MACY, GOLDEN and TAYLOR,* JJ., and GRANT, D.J.

GRANT, District Judge.

The Nebraska Department of Social Services forwarded to Wyoming a petition by and on behalf of Teresa A. Ostermiller (the mother), a resident of Nebraska. The petition demanded establishment of paternity and order for child support against the father, Scott Spurr (the father), a resident of Wyoming. The father admitted paternity and his obligation of support, and counterclaimed for visitation and change of name of the child. The mother appeals from the district court's order, challenging its exercise of personal jurisdiction over her and the child to order custody, visitation and name change. The mother argues that the only statutory basis for such jurisdiction would be her purported consent which in reality was coerced, because it was required by the Department of Family Services in Nebraska as a condition to providing her Aid to Families with Dependent Children (AFDC) and Title XIX medical benefits. Finding this argument unsupported by the record and the law, we affirm.

## ISSUES

The mother states the following issues for our review:

I.  Did the District Court err when it exercised personal jurisdiction over Appellant, a non-resident of Wyoming?

II. Did the District Court abuse its discretion by allowing the issuance of a standard visitation order given the circumstances, by requiring [the child's] last name to be changed to [the father's], and by granting a tax exemption to [the father] who does not have sole custody of the minor child?

Appellee, the Department of Family Services, responds: [1]

I.  Did the district court correctly exercise personal jurisdiction over Appellant, a non-resident of Wyoming?

II. Did the district court correctly address all issues surrounding the paternity action?

## FACTS

The mother and father met in California and, unmarried, conceived their son. Soon after, the mother moved to Nebraska where the child was born. She received AFDC and Medicaid medical benefits for herself and the child. She notified the father of her pregnancy and of the birth. The father acknowledged paternity informally but not officially, and the birth certificate bore the surname of the mother. The father contributed nothing to the expenses of pregnancy and birth, provided no support, and never saw the child. After the birth, the father moved from California to Laramie County, Wyoming, and although he was then fairly close to the home of the mother and child in Nebraska, he made no effort at visitation and paid no support.

The Nebraska Department of Social Services, pursuant to the Uniform Interstate Family Support Act (Wyo. Stat. §§ 20–4–139 through 20–4–189 (1997) and Neb.Rev.Stat. §§ 42–701 through 42–751 (1997)), forwarded to Wyoming's office of child support services

---

* Chief Justice at time of oral argument; retired 11/2/98.

1.  The father, as appellee, did not submit an appellate brief.

a verified petition for establishment of paternity, order of support, and reimbursement of medical expenses. The father counterclaimed for visitation and change of name. Over the mother's objection to its assertion of personal jurisdiction over her and the child, and after a hearing at which the mother appeared only by counsel, the district court entered its order establishing paternity, requiring the father to pay child support to the mother, reimbursing the Nebraska agency for support and medical expenses, and providing health care insurance for the child. Pursuant to the father's counterclaim, the district court also awarded the mother custody and provided the father visitation rights. The order included a provision for change of the child's name on the birth certificate to the surname of the father and also gave the father the federal income tax dependence deduction since he was working and the mother was not.

The mother appeals from that portion of the district court's order awarding her custody and granting the father visitation, change of the child's name on the birth certificate and granting the father the federal income tax dependency deduction. She claims that because she and the child were and are residents of Nebraska, have never been in Wyoming, and have no contact with it, the district court had no personal jurisdiction over her or the child on the basis of which to determine the issues of custody, visitation, name change, and dependency deduction. She also claims that if the district court did have personal jurisdiction, it abused its discretion in ordering the "standard" visitation because it does not take into account the age of the child and the absence of any relationship between the child and the father and that the visitation should have been more appropriate to the circumstances.

## DISCUSSION

■ The in personam jurisdiction of the district court over a non-resident parent who submits to it by seeking affirmative relief extends to all matters within the district court's subject matter jurisdiction and asserted by a party. One may not seek affirmative relief for only limited purposes and not others that are within the district court's subject matter jurisdiction and claims asserted by the opposing party. This is so because a party's demand for affirmative relief changes a special appearance to a general appearance which cannot later be withdrawn. *Quenzer v. Quenzer,* 653 P.2d 295, 305 (Wyo. 1982), *cert. denied* 460 U.S. 1041, 103 S.Ct. 1436, 75 L.Ed.2d 794 (1983). The mother's submission to the jurisdiction for adjudication of paternity and child support subjected her to the district court's jurisdiction for the claim asserted by the father for determination of visitation and name change.

■ The Uniform Interstate Family Support. Act is a comprehensive statutory scheme to enable and facilitate the adjudication of support obligations including those arising from paternity establishment in cases of unmarried parents where the parties live in different states. A person claiming against another an obligation of support or a government entity seeking reimbursement of welfare and Medicaid benefits paid for the benefit of a parent or child may initiate proceedings against the obligor by initiating an action in the child's home state which may forward it to the responding state (residence of defendant) or may file it directly with the appropriate tribunal in the responding state.

The responding tribunal then issues process to the defendant. The statute contemplates reciprocal access to the enacting states' courts for the purpose of establishing and enforcing support obligations against residents of the responding state. In Wyoming, the statute incorporates by reference Wyoming's parentage statutes (Wyo. Stat. §§ 14–2–101 through 14–2–120 (1997)) for paternity and support proceedings and also provides independently for the powers and jurisdiction of Wyoming district courts as responding tribunal. Pertinent provisions of the statutes are:

(a) A district court of this state may serve as an initiating or responding tribunal in a proceeding brought under the Uniform Interstate Family Support Act * * * to determine that * * * the respondent is a parent of that child.

(b) In a proceeding to determine parentage by a responding tribunal of this state,

the provisions of W.S. 14–2–101 through 14–2–120 and the laws of this state on choice of law shall apply.

Wyo. Stat. § 20–4–185.

(a) Except as otherwise provided by the Uniform Interstate Family Support Act, a responding tribunal of this state:

(i) Shall apply the procedural and substantive law * * * generally applicable to similar proceedings originating in this state and may exercise all powers and provide all remedies available in those proceedings * * *.

Wyo. Stat. § 20–4–153(a)(i).

(a) In a proceeding to establish * * * a support order or to determine parentage, a district court of this state may exercise personal jurisdiction over a non-resident * * * if:

* * *

(ii) The individual submits to the jurisdiction of this state by consent * * *;

* * *

(vii) The individual asserted parentage in this state pursuant to W.S. 14–2–101 through 14–2–120[.]

Wyo. Stat. § 20–4–142.

(a) The judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes.

(b) If the judgment or order of the court is at variance with the child's birth certificate, the court *shall* order that a new birth certificate be issued * * *.

(c) The judgment or order may contain any other provision directed against the appropriate party to the proceeding concerning the duty of support, the *custody* and guardianship of the child, *visitation privileges* with the child * * * or any other matter in the best interest of the child.

Wyo. Stat. § 14–2–113 (emphasis added).

The Uniform Interstate Family Support Act incorporating the parentage statutes clearly vest the district court with jurisdiction to determine parentage and to order custody, support and visitation. Personal jurisdiction over any non-resident parent who submits to it by consent or by a demand for affirmative relief is subject to it for all purposes contemplated by the Uniform Interstate Family Support Act and the determination of parentage statutes.

There is no evidence in the record to support a contention of involuntariness or coercion with respect to the mother's signature on the petition initiated by Nebraska's child support enforcement agency. The mother cites no legal authority for the claim that requiring such by way of cooperation as a requisite to the receipt of AFDC benefits is coercive as a matter of law.

■ The mother asserts that even if the district court had personal jurisdiction over her to order custody, visitation, and change of name, the district court abused its discretion in applying its "standard" visitation order. The father appeared at the hearing and testified as did his current wife. The mother, represented at the hearing by counsel, did not personally appear and gave no testimony. The father's testimony revealed that he is now married to a woman who has a young child and that he is capable of providing care for the child. The father's current wife is highly supportive, and the father wants to enjoy a relationship with the child, has a suitable residence, stable home and regular employment for that purpose. There was no evidence to refute any of this testimony and it provided a basis on which the district court could find as it did. We find no abuse of discretion.

■ As to the change of name on the birth certificate, Wyo. Stat. § 14–2–113(b) makes it mandatory, not permissive, that the district court order a new birth certificate if its finding of parentage is inconsistent with the present birth certificate. The district court did not abuse its discretion in ordering the substitution of the father's name on the birth certificate. The district court took into consideration that the mother would likely marry, in which case the child would bear a name different from both the mother and the father and that this would not be in the best interests of the child.

Lastly, the mother alleges the district court was without the authority to grant the

father the tax dependency deduction. The person entitled to this deduction is deter-. mined by the applicable Internal Revenue Service regulations and is not a matter for this court to decide.

## CONCLUSION

The applicable statutes confer subject matter jurisdiction as well as, in the circumstances of this case, personal jurisdiction for the district court to act as it did. There is nothing in the record to support the contention that the mother was coerced into submitting to the district court's jurisdiction and no authority for the proposition that · her submission as a requisite to receipt of AFDC and other benefits amounts in law to coercion. Under the applicable statutes, the district court had not only the authority but the obligation to make the determinations it did. There was no abuse of discretion.

The district court is affirmed in all respects.

GOLDEN, J., filed a dissenting opinion, with which LEHMAN, C.J., joined.

GOLDEN, J., dissenting, with whom LEHMAN, C.J., joins.

The district court did not have subject matter jurisdiction over the issues of custody, visitation, name change or income tax deductions. Under the Uniform Interstate Family Support Act (UIFSA) and its predecessor acts, the Uniform Reciprocal Enforcement Support Act (URESA) and the Revised Uniform Reciprocal Enforcement Support Act (RURESA), subject matter jurisdiction is limited to parentage and support issues. *See In the Interest of R.L.H., a Child, and Concerning R.W.J.,* 942 P.2d 1386, 1388–89 (Colo. Ct.App.1997).

*R.L.H.* presented circumstances and issues very similar to the case at bar. The issue presented was whether, in proceedings brought under UIFSA, the trial court has subject matter jurisdiction to enter orders concerning parenting time. *R.L.H.,* 942 P.2d at 1387. The case was initiated in Nevada under URESA, the predecessor to UIFSA. *Id.* Pursuant to UIFSA, a petition was filed in Colorado, as the responding state, to determine parentage, child support, and arrearages. *Id.* The case at bar originated in Nebraska, the home state of the mother and child. At the request of Nebraska, the State of Wyoming filed a petition in Wyoming, where the father resides and where personal jurisdiction over the father was available.

R.L.H.'s father stipulated to paternity and the support amount, but requested an order concerning parenting time. *Id.* The Colorado trial court reasoned that, because a parentage determination pursuant to UIFSA requires "application" of the Uniform Parentage Act, the court could also determine any issues it was allowed to determine under the Parentage Act, which included parenting time. *Id.* The court commissioner in our case determined it had subject matter jurisdiction over any issues it could decide under the Parentage Act, WYO. STAT. § 14–2–101 et seq. (1997). However, the district court's order makes absolutely no findings of fact or conclusions of law concerning subject matter jurisdiction.

The following excerpts from *R.L.H.* are relevant and persuasive:

[I]n a URESA action, the authority to consider the issue of parentage was narrow and did not confer jurisdiction over visitation and custody issues. *See In re Byard v. Byler,* [74 Ohio St.3d 294, 658 N.E.2d 735 (Ohio 1996) (URESA subject matter jurisdiction is limited to matters of child support) ]; *State v. Owens,* 78 Wash.App. 897, 899 P.2d 833 (1995), *aff'd,* 128 Wash.2d 908, 913 P.2d 366 (1996) (purpose of URESA is to provide a single, convenient, and uniform interstate proceeding to obtain support and should not be burdened with collateral issues such as custody and visitation); *see also People ex rel. Van Meveren v. District Court,* 638 P.2d 1371 (Colo. 1982); *Vigil v. Vigil,* [30 Colo.App. 452, 494 P.2d 609 (Colo.App.1972) ].

The replacement of URESA and RURESA by UIFSA did not expand the permissible scope of issues to be addressed in interstate child support enforcement proceedings. To the contrary, the goal of the new law was to provide mechanisms to address problems, such as multiple or con-

flicting support orders as to the same parties and children, that had persisted in the interstate enforcement of support under RURESA. *See* Schumacher, *The Colorado Uniform Interstate Family Support Act,* 23 Colo. Law. 2535 (1994); Sampson & Kuntz, *UIFSA: An Interstate Support Act for the 21st Century,* 27 Fam. L.Q. 85 (1993).

Thus, a determination of custody or visitation issues is noticeably absent from the list of duties and powers delineated in § 14–5–305, C.R.S. (1996 Cum.Supp.), the statutory section of the Colorado UIFSA which, in a change from the more general language of RURESA, was designed to "make explicit the wide range of specific powers and duties of the responding tribunal." [WYO. STAT. § 20–4–155 (1997)] In fact, the comment to the section makes clear that visitation issues are not to be litigated in the context of a support proceeding. *See* Uniform Interstate Family Support Act, 9 *Uniform Laws Annot.* § 305 comment at 350 (1997 Supp.).

*R.L.H.,* 942 P.2d at 1388–89.

In addition, Uniform Interstate Family Support Act, 9 *Uniform Laws Annot.* § 201 (1997 Supp.), which sets forth the bases for jurisdiction over nonresidents, states that "the power to assert jurisdiction over support issues under the Act does not extend the tribunal's jurisdiction to other matters." *See also* § 14–5–314(a), C.R.S. (1996 Cum.Supp.) [WYO. STAT. § 20–4–164(a) (1997)] (providing that participation by a petitioner in a UIFSA proceeding before the responding tribunal does not confer personal jurisdiction over that party in another proceeding).

\* \* \* \* \* \*

Moreover, we observe that an obligor remains able to establish parenting time in the same proceedings in which parentage and child support are sought and determined. The remedies of UIFSA, like those of its predecessor acts, are cumulative to remedies available under other law. Section 14–5–103, C.R.S. (1996 Cum. Supp.). Thus, for example, although such a forum may be less convenient, an obligor can opt to have the issues of child support, custody, and parenting time determined in the first instance in the child's home state. *Id.* at 1389.

I agree with the Colorado court that, under UIFSA, a responding court does not have subject matter jurisdiction over any issues other than paternity and child support. If the respondent to a UIFSA action wishes to have other issues decided at the same time, the proper forum is the child's home state, where determinations as to the child's best interests may be properly decided through the use of competent evidence concerning the child.

This case provides an excellent example of the need to determine other issues involving the child in the child's home state. The record is absolutely devoid of any evidence as to the best interests of the child. I am, quite frankly, at a loss as to the basis for the commissioner's and the district court's rulings concerning custody, visitation, the name change and the tax deduction.

Additionally, I am concerned with the hand-written, undated, unsigned addition of the State of Wyoming and the child on court documents, which appear to be a petition; with the fact that the record contains no copy of the petition which is signed by an attorney; and with the court commissioner's statement that the State of Wyoming represented the child in this matter, yet the State of Wyoming is the appellee in this appeal and the child is one of the appellants, along with his mother. The parties to an action and their relationship to each other are important matters, as this case illustrates through its apparent disregard for appropriate captions on the filed petitions and the resulting confusion concerning personal jurisdiction, parties, legal representation, and parties on appeal.

Our statutes provide that a child must be made a party to paternity actions involving that child and that the child must be represented by either a state agency, the child's guardian, or a guardian ad litem appointed by the court. WYO. STAT. § 14–2–107 (1997). It is unconscionable that decisions on such important issues concerning this child were made without any testimony or evidence about the child. The commissioner, and

hence the district court, relied upon comments from a father who had never seen or spoken to his child and attorneys who never had any contact with the child. I am convinced that this illustrates the reasoning behind the limited subject matter jurisdiction given to a responding tribunal in a UIFSA proceeding.